**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-_____ (___) |
| Debtor. | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING
THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES
AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS TO
HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") hereby files this motion (the "<u>Motion</u>") for the entry of interim and final orders, substantially in the forms attached hereto as <u>Exhibit A</u> (the "<u>Proposed Interim Order</u>") and <u>Exhibit B</u> (the "<u>Proposed Final Order</u>," and together with the Proposed Interim Order, the "<u>Proposed Orders</u>"), (i) authorizing, but not directing, the Debtor, in its discretion, to pay certain prepetition taxes and fees and related obligations that are payable to certain authorities, and (ii) authorizing banks and other financial institutions (collectively, the "<u>Banks</u>") to honor and process check and electronic transfer requests related to the foregoing.  The facts and circumstances supporting the Motion are set forth in the concurrently filed *Declaration of Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "<u>First Day Declaration</u>").[2]  In further support of this Motion, the Debtor respectfully represents as follows:

---

[1]  The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2]  Capitalized terms used but not defined herein have the meaning given to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I.     General

3.     On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner.

Additional information regarding the Debtor's business, its capital structure, and the circumstances leading to the filing of the Chapter 11 Case is set forth in the First Day Declaration.

## II.    Taxes and Fees

4.       In the ordinary course of business, the Debtor incurs or collects and remits a variety of taxes, including, without limitation (i) sale and use taxes (the "Sale and Use Taxes"); (ii) real and personal property taxes (the "Property Taxes"); (iii) franchise taxes (the "Franchise Taxes"); (iv) income taxes (the "Income Taxes"); and (v) other miscellaneous taxes (collectively, the "Taxes"), to various federal, state, local taxing and other governmental authorities, and/or certain municipal or governmental subdivisions or agencies of those states (collectively, the "Taxing Authorities").  The Debtor also incurs various fees for business licenses and permits and various other fees and assessments (collectively, the "Fees," and together with the Taxes, the "Taxes and Fees") in connection with the operation of its business.  The Debtor remits the Taxes and Fees to the Taxing Authorities in accordance with applicable law.

5.       The Debtor estimates that, as of the Petition Date, the aggregate amount of prepetition Taxes and Fees currently owed to the Taxing Authorities does not exceed approximately $20,000, which comprises current tax obligations and are not in respect of "catch-up" payments.[3]

6.       The Debtor seeks authority to pay all prepetition Taxes and Fees in the ordinary course owed to the Taxing Authorities; provided, however, that: (i) pending entry of the Proposed Final Order, payments on account of Taxes and Fees that accrued, in whole or in part, prior to the Petition Date, but were not in fact paid or processed prior to the Petition Date, shall not exceed

---

[3]    This estimate does not include any potential prepetition liabilities related to the Taxes and Fees that may later come due as the result of an audit.

$20,000 in the aggregate; and (ii) following entry of the Final Order, payments on account of Taxes and Fees that accrued, in whole or in part, prior to the Petition Date, but were not in fact paid or processed prior to the Petition Date, shall not exceed $20,000 in the aggregate.

7.     The Debtor also requests that: (i) all Banks on which checks to third parties are drawn and/or electronic payments are made pursuant to this Motion be authorized to receive, process, honor, and pay any and all such checks (whether issued or presented prior to or after the Petition Date) and electronic payments, and to rely on the representations of the Debtor as to which checks are authorized to be paid; and (ii) the Court schedule a hearing to consider entry of the Proposed Final Order.

## RELIEF REQUESTED

8.     By this Motion, the Debtor requests that the Court enter the Proposed Orders (i) authorizing, but not directing, the Debtor, in its discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, subject to the $20,000 cap provided for in the Proposed Orders; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto.

## BASIS FOR RELIEF

**I.     Payment of the Taxes and Fees Is Necessary and Appropriate.**

9.     The Debtor's payment of Taxes and Fees in the ordinary course of business is justified because, among other things, (i) the Debtor's directors and officers may be held personally liable for the nonpayment of the Taxes or Fees or certain Taxing Authorities could take precipitous action for such nonpayment, which would distract the Debtor from its efforts to reorganize; (ii) such relief is warranted under the doctrine of necessity; (iii) certain of the amounts

held by the Debtor for Taxes and Fees are not property of the estate pursuant to section 541(d) of the Bankruptcy Code; and (iv) certain Taxes and Fees may constitute secured or priority claims.

### A. Payment of the Taxes and Fees Will Avoid Unnecessary Distractions in This Chapter 11 Case.

10.     Any regulatory dispute or delinquency that affects the Debtor's ability to conduct business could have a wide-ranging and adverse impact on the Debtor's operations as a whole. Specifically, the Debtor's failure to pay the Taxes and Fees could adversely affect its business operations because, among other things: (i) the Taxing Authorities could audit the Debtor or distract the Debtor from continuing its business, which, even if unsuccessful, would unnecessarily divert the Debtor's attention from the restructuring transaction that is the centerpiece of this Chapter 11 Case; (ii) the Taxing Authorities could attempt to suspend the Debtor's operation, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estate; and (iii) in many states, officers and directors of a debtor may be held personally liable even if a failure to pay such Taxes or Fees is not a result of their own malfeasance, which would undoubtedly distract those key officers and employees from their duties when their immediate and full-time attention should be directed towards the Debtor's effort to reorganize.  As a result, it is in the best interest of the Debtor's estate to remit payment of the Taxes and Fees in a timely manner, thereby eliminating the possibility of such time-consuming and potentially damaging distractions and loss of focus on the part of the Debtor's directors and officers resulting from the risk of personal liability or audits.

### B. Payment of the Taxes and Fees Is Warranted Under the Doctrine of Necessity.

11.     The Court may authorize the Debtor to pay any prepetition amounts related to Taxes and Fees pursuant to section 363(b) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the

ordinary course of business, property of the estate . . . ."  11 U.S.C. § 363(b)(1).    Under this

section, a court may authorize a debtor to pay certain prepetition claims where a sound business

purpose exists for doing so, such as to preserve or enhance the value of a debtor's estate for the

benefit of all creditors.  See Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M. D. Fla.

2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical

vendor payments, and section 105 is used to fill in the blanks.").

12.    In a long line of well-established cases, federal courts consistently have permitted

postpetition payment of prepetition obligations where essential to preserve the value of the debtor's

estate for the benefit of all creditors.  See, e.g., Miltenberger v. Logansport, C. & S. W. Ry. Co.,

106 U.S. 286, 312 (1882) (payment of pre-receivership claim permitted to prevent "stoppage of

[crucial] business relations"); In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir.

1981) (recognizing that "[i]f payment of a [pre-petition] claim…is essential to the continued

operation of [the debtor], payment may be authorized"); In re Boston & Me. Corp., 634 F.2d 1359,

1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay

claims for goods and services that are indispensably necessary to the debtor's continued operation).

13.    Likewise, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title."  11 U.S.C. § 105(a).  Known as the "doctrine of necessity," this principle permits

bankruptcy courts to exercise its equitable power to allow payment of critical pre-petition claims

not explicitly authorized by the Bankruptcy Code.  In turn, bankruptcy courts have invoked the

equitable power of section 105 of the Bankruptcy Code to authorize the post-petition payment of

pre-petition claims where such payment is necessary to preserve the value of a debtor's estate.

See, e.g., In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing In re Ionosphere Clubs,

Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989)) (acknowledging that that "[u]nder [section] 105, the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor").

14.     The United States Court of Appeals for the Third Circuit recognizes the doctrine of necessity.  In Lehigh, the court explained that payments made under the doctrine of necessity are in the interest of all parties because such payments serve to facilitate the continued operation of the debtor.  In re Lehigh & New England Ry. Co., 657 F.2d at 581 (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); see also In re Just for Feet, Inc., 242 B.R. 821, 825 (D. Del. 1999) (citing In re Penn Central Transp. Co., 467 F.2d 100, 102 n.1 (3d Cir. 1972)) (holding that the court is authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of pre-petition claims of vendors found to be critical to the debtor's continued operation).  Here, the Debtor's failure to pay the Taxes and Fees could have a material adverse impact on its ability to operate in the ordinary course to the detriment of the value of the estate as well as all creditors, as the Taxing Authorities could attempt to prevent or delay the Debtor's operations if the Taxes and Fees are not paid.

**C.   Certain of the Taxes and Fees May Not Be Property of the Estate.**

15.     Further, the Taxing Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes under section 541(d) of the Bankruptcy Code that the Debtor is required to collect from third parties and hold in trust for the benefit of the Taxing Authorities. Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of

the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

16.    To the extent that the Debtor collects the Taxes and Fees on behalf of the Taxing Authorities—or "trust fund" taxes—such Taxes and Fees may not constitute property of the Debtor's bankruptcy estate.  See Begier v. Internal Revenue Serv., 496 U.S. 53, 57-60 (1990); City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 97 (3d Cir. 1994); Al Copeland Enters., Inc. v. Texas, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estates); In re Shank, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); In re Tap, Inc., 52 B.R. 271, 272 (Bankr. D. Mass. 1985) (withholding taxes are "trust fund" taxes).  Further, to the extent that the Taxes and Fees are "trust fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtor would have no equitable interest in such funds.  See 11 U.S.C. § 541(d); In re Am. Int'l Airways, Inc., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987).  Accordingly, the Debtor submits that the Court should authorize it to pay any of the Taxes and Fees that constitute trust fund taxes, and, further, that payment of such taxes and fees would not prejudice the rights of any of the Debtor's creditors or other parties in interest.

### D.  Certain of the Taxes and Fees May Constitute Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.

17.    Further, it is likely that some of the Taxes as well as some of the Fees are entitled to priority status under the Bankruptcy Code.  See 11 U.S.C. § 507(a)(8).  If the Taxes are deemed to be entitled to priority status, section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid through regular installment payments (i) of a total value, as of the effective date of the

plan, equal to the allowed amount of each such claim; (ii) over a period not exceeding five (5) years after the Petition Date; and (iii) in a manner no less favorable than the most favored nonpriority claim provided for by the Debtor's chapter 11 plan, if any.  <u>See</u> 11 U.S.C. § 1129(a)(9)(C).  To the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtor's general unsecured obligations may be satisfied.  Moreover, since the Debtor expects to pay priority claims in full, the Debtor's payment of the Taxes and Fees at this juncture would only affect the timing of such payments, not the amounts ultimately received by the Taxing Authorities, as well as reduce the amount of Taxes and Fees owed if later paid under a plan (due to the high interest rates and late fees attributable to delinquent payments).  Therefore, other creditors and parties-in-interest would not be prejudiced if the relief sought herein were granted by this Court at this time.

II.   **Cause Exists to Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers.**

18.   The Debtor has sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from anticipated postpetition financing and access to use of its cash collateral.  Additionally, under the Debtor's existing cash management system, the Debtor represents that checks or electronic payment requests can be readily identified as relating to an authorized payment in respect of the Taxes and Fees.  Accordingly, the Debtor believes that checks or electronic payment requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized, when requested by the Debtor, to receive, process, honor, and pay any and all checks or electronic payment requests in respect of the Taxes and Fees to the extent that there are sufficient funds in the applicable accounts to make such payments.

RLF1 27605120v.1

## SATISFACTION OF BANKRUPTCY RULE 6003

19.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

20.     As described herein and in the First Day Declaration, the Debtor will suffer immediate and irreparable harm without authorization for the relief requested herein.  Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

21.     The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate.  Accordingly, the Debtor respectfully requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

22.     To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed to apply.

## **RESERVATION OF RIGHTS**

23.     Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## **NOTICE**

24.     Notice of this Motion has been or will be provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Taxing Authorities; (v) counsel for the Prepetition Secured Parties; and (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate.  As this Motion is seeking "first day" relief, within two (2) business days of the hearing of this Motion, the Debtor will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

11

## CONCLUSION

WHEREFORE, the Debtor requests that the Court enter the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated:   July 11, 2022
         Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Daniel J. DeFranceschi*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Paul V. Shalhoub (*pro hac vice* pending)
Betsy L. Feldman (No. 6410)
Jessica D. Graber (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
pshalhoub@willkie.com
bfeldman@willkie.com
jgraber@willkie.com

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

12

**<ins>EXHIBIT A</ins>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-_____ (___) |
| Debtor. | **Ref. Docket No. ___** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541(d), 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtor, in its discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Taxing Authorities; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having

---

[1]  The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.        The Motion is GRANTED on an interim basis as set forth herein.

2.        A final hearing on the relief sought in the Motion shall be conducted on _____, 2022 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (a) GenapSys, Inc., 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063, Attn:  Dana J. Moss (legal@genapsys.com); (b) proposed co-counsel for the Debtor, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn:   Rachel C. Strickland, Esq. (rstrickland@willkie.com) and Paul V. Shalhoub, Esq. (pshalhoub@willkie.com) and (ii) Richards, Layton, & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn:      Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com) , Michael J. Merchant, Esq. (merchant@rlf.com), and David T. Queroli, Esq. (queroli@rlf.com); (c) counsel for the Prepetition Secured Parties, (i) Greenberg Traurig LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002 (Attn: Shari L. Heyen (heyens@gtlaw.com) and Eric J. Howe (howee@gtlaw.com)) and (ii) Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305 (Attn: David B. Kurzweil (kurzweild@gtlaw.com) and Matthew A. Petrie (petriem@gtlaw.com)); and (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn:   Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov), in each case no later than _____, 2022 at 4:00 p.m. (ET).

If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3.      The Debtor is authorized, but not directed, in its discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of its business in an amount not to exceed $20,000 pending entry of the Final Order.

4.      The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

5.      Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Taxing Authority; or (d) shall be construed as a promise to pay a claim.

6.      The Debtor is authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

7.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

## **EXHIBIT B**

### **Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-_____ (___) |
| Debtor. | **Ref. Docket Nos. ___ & ___** |

## FINAL ORDER (I) AUTHORIZING THE DEBTOR TO PAY
## CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS
## AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK
## AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and

debtor in possession (the "Debtor") for the entry of interim and final orders, pursuant to sections

105(a), 363(b), 507(a)(8), 541(d), 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but

not directing, the Debtor, in its discretion, to pay Taxes and Fees related to the period prior to the

Petition Date to the Taxing Authorities; and (ii) authorizing the Banks to honor and process check

and electronic transfer requests related to the foregoing; and upon consideration of the Motion and

all pleadings related thereto, including the First Day Declaration; and due and proper notice of the

Motion having been given; and having determined that no other or further notice of the Motion is

required; and having determined that this Court has jurisdiction to consider the Motion in

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

the United States District Court for the District of Delaware, dated as of February 29, 2012; and

having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having

---

[1]    The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is GRANTED on a final basis as set forth herein.

2.       The Debtor is authorized, but not directed, in its discretion, to pay prepetition Taxes

and Fees to the Taxing Authorities in the ordinary course of its business in an amount not to exceed

$20,000.

3.       The Banks are authorized, when requested by the Debtor, in the Debtor's discretion,

to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to

pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests

were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in

the applicable bank accounts to make such payments.  The Banks may rely on the representations

of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall

not have any liability to any party for relying on such representations by the Debtor, as provided

for in this Final Order.

4.       Nothing in this Final Order (a) is intended or shall be deemed to constitute an

assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtor and its estate; (b) shall impair, prejudice, waive, or

otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or

amount of any claim against the Debtor and its estate; (c) shall impair, prejudice, waive, or

otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes

of action against any Taxing Authority; or (d) shall be construed as a promise to pay a claim.

2

5.      The Debtor is authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

6.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

RLF1 27605120v.1