IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GENAPSYS, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-\_\_\_\_\_ (\_\_\_) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing the Debtor to redact certain personal identification information in its creditor matrix, list of equity security holders, and other documents filed in this chapter 11 case, and (ii) granting related relief. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration").[2] In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

RLF1 27596942v.3

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 107(c) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9018-1.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner. Additional information regarding the Debtor's business, its capital structure, and the circumstances leading to the filing of the Chapter 11 Case is set forth in the First Day Declaration.

## RELIEF REQUESTED

4. The Debtor seeks entry of the Proposed Order, pursuant to section 107(c) of the Bankruptcy Code and Local Rule 9018-1, for authority to redact in its creditor matrix, list of equity security holders, and other documents filed in the Chapter 11 Case certain personal identification information of individual creditors and interest holders (the "Personal Identification Information"), including the home addresses of individual creditors and interest holders.

**BASIS FOR RELIEF**

A. **The Personal Identification Information is the Kind Protected by Section 107(c), as Personal Addresses Are a "Means of Identification" Contemplated by Section 1028(d) of Title 18.**

    5.    Section 107(c)(1) of the Bankruptcy Code provides that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create **undue risk of identity theft or other unlawful injury** to the individual or the individual's property:
>
> > (A) **Any** means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B) **Other information** contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)–(B) (emphasis added). Thus, if a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," then courts may intervene to curtail disclosure of that information. Id.

    6.    Here, the Debtor submits that the personal mailing addresses of its individual creditors and equity holders fit squarely within section 1028(d)(7)(A) and that disclosure of the personal addresses of such individual creditors and interest holders (i) would create an undue risk of identity theft as contemplated by section 107(c) of the Bankruptcy Code and (ii) would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtor's creditors or abusive former intimate partners.

    7.    Section 1028(d)(7)(A) defines "means of identification" as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, **including** any—
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien

3

    registration number, government passport number, employer or taxpayer identification number . . .

18 U.S.C. § 1028(d)(7)(A) (emphasis added).  Although personal addresses are not specifically enumerated in this definition, this list is *inclusive*, rather than exclusive, and should not be read as an exhaustive list of "means of identification."  Accordingly, the fact that personal addresses are not listed in section 1028(d)(7)(A) does not prohibit their redaction in bankruptcy court documents pursuant to section 107(c) of the Bankruptcy Code.  Indeed, had Congress intended to exclude personal mailing addresses from this list, it would have done so.  As Judge Sontchi suggested in In re Promise Healthcare Grp., LLC, Congress has already acted, as "they've provided an ability for the Court to protect people when necessary" via section 107(c)(1) of the Bankruptcy Code.  Hr'g Tr. 18:18–19:6, In re Promise Healthcare Grp., LLC, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018) [Docket No. 228] (noting that "to the extent Congress hasn't acted specifically to deal with this, I think it should" but that Congress has already acted "because there's a mechanism for protecting this information").

    8.  Moreover, as noted above, section 1028(d)(7)(A) contemplates as a "means of identification" *any* "name or number . . . used alone or in conjunction with any other information" to identify a specific individual.  18 U.S.C. § 1028(d)(7).  A personal address is precisely that: a combination of names and numbers used to identify a specific individual.  Therefore, although not specifically enumerated, a personal address fits squarely within the types of "means of identification" set forth by section 1028(d)(7)(A).

    9.  Courts in this district agree that section 1028(d)(7) is not exhaustive and that personal mailing addresses *are* a means of identification.  Indeed, Judge Owens overruled an objection by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to a similar sealing motion, holding that "the combination of the names and addresses is

a means of identification under 28 U.S.C. 1028(d)(7)(a)" and that "[t]he enumerating list in [1028(d)](7)(a) is not exclusive." Hr'g Tr. 28:10–13, In re Quorum Health Corp., No. 20-10766 (KBO) (Bankr. D. Del. May 6, 2020) [Docket No. 296]; see also Hr'g Tr. 24:15–20, In re Clover Techs. Grp., LLC, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146] ("As I have held before[,] I do find that names and/or addresses are a means of identification. The combination of a name and address to me is a means of identification under . . . 28 U.S.C. [§] 1028(d)(7)."); Hr'g Tr. 37:25–38:4, In re THG Holdings, LLC, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) [Docket No. 180] ("And in terms of 1028(d) not including address[es], I agree. I think that's an inclusive list. It wouldn't seem to make much sense that I could order the names not to be disclosed, but the addresses had to be; that wouldn't make any sense to me."); Hr'g Tr. 17:15–17, In re L.K. Bennett U.S.A., Inc., No. 19-10760 (KG) (Bankr. D. Del. Apr. 9, 2019) [Docket No. 58] ("[I] do think that the list of matters to be considered personally identifiable is not exclusive . . ."); Hr'g Tr. 47:20–22, In re Hexion Holdings, LLC, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019) [Docket No. 922] (noting that section 1028(d) specifically mentions a driver's license, which lists the person's home address, concluding that "[it] strikes me that section 107(c) does indeed protect this type of information").

10. Additionally, courts in this district have recognized that permitting debtors to redact the personally identifiable information, including home addresses, of individual creditors and interest holders significantly reduces the risk that such individuals will become victims of identity theft and/or unlawful injury. See, e.g, Hr'g Tr. 29:13–14, 29:19–20, In re Quorum Health Corp., No. 20-10766 (KBO) (Bankr. D. Del. May 6, 2020) [Docket No. 296] (overruling the U.S. Trustee's objection to similar redaction relief, noting that the "association [of address information] with an employee makes the risk of identity theft even worse" and that "[t]he court can completely

avoid contributing to this existing risk by redacting the addresses"); Hr'g Tr. at 24:21–25:10, In re Clover Techs. Grp., LLC, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146] (overruling the U.S. Trustee's objection to similar redaction relief, noting that redaction of home addresses of individuals "is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . .  The court can completely avoid contributing to the risk by redacting the addresses"); Hr'g Tr. at 60:22–25, In re Forever 21, Inc., Case No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605] (overruling the U.S. Trustee's objection to similar redaction relief, noting that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld").

11.    Accordingly, the Debtor respectfully submits that it is appropriate to authorize the Debtor to redact from any paper filed or to be filed with the Court in this Chapter 11 Case the Personal Identification Information of individual creditors and interest holders, including the Debtor's current and former employees, because such information could be used to, among other things, perpetrate identity theft or locate survivors of domestic violence or stalking.  Indeed, the risk to individuals themselves is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[3]  With numerous individual creditors and interest holders, the Debtor cannot reasonably know with

---

[3] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in In re Charming Charlie Holdings, Inc., Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

sufficient certainty whether a release of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

12.     Therefore, under these circumstances, the Debtor respectfully submits that it is appropriate to authorize the Debtor to redact the Personal Identification Information from any documents filed, or to be filed, with the Court in this Chapter 11 Case, including its creditor matrix and list of equity security holders.  Indeed, the Debtor proposes to provide, on a confidential basis, an unredacted version of its creditor matrix, list of equity security holders, and any other applicable filings redacted pursuant to the Proposed Order to (i) the Court, the U.S. Trustee, and counsel to any statutory committee appointed in this Chapter 11 Case, and (ii) any party in interest, upon a request to the Debtor (email is sufficient) or to the Court for information that is reasonably related to this Chapter 11 Case.  Such guidelines will ensure that certain parties receive fully unredacted information while balancing the Debtor's concerns about safeguarding the safety and privacy of other parties.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)(iv)**

13.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtor, the documents that the Debtor is requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## **RESERVATION OF RIGHTS**

14.     Nothing in the Proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the

validity, priority, or amount of any claim against the Debtor and its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## **NOTICE**

15. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) counsel for Oxford; (v) counsel for the Prepetition Secured Parties; and (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate. As this Motion is seeking "first day" relief, within two (2) business days of the hearing of this Motion, the Debtor will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  July 11, 2022
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ J. Zachary Noble*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Paul V. Shalhoub (*pro hac vice* pending)
Betsy L. Feldman (No. 6410)
Jessica D. Graber (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
pshalhoub@willkie.com
bfeldman@willkie.com
jgraber@willkie.com

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GENAPSYS, INC.,[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No. 22-\_\_\_\_\_ (\_\_\_)<br><br>**Ref. Docket No. \_\_\_** |

**ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order, pursuant to section 107(c) of the Bankruptcy Code and Local Rule 9018-1(d), (i) authorizing the Debtor to redact certain Personal Identification Information; and (ii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

RLF1 27596942v.3

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to redact in its creditor matrix, list of equity security holders, and other documents filed with the Court in this Chapter 11 Case the home addresses of individual creditors and interest holders.

3. The Debtor shall provide, on a confidential basis, an unredacted version of the creditor matrix, list of equity security holders, and other filings redacted pursuant to this Order (to the extent applicable) (collectively, the "Sealed Documents") to (i) the Court, the U.S. Trustee, and attorneys for the official committee of unsecured creditors appointed in this Chapter 11 Case (if any), and (ii) any party in interest upon a request to the Debtor (email is sufficient) or to the Court for information that is reasonably related to this Chapter 11 Case. In addition, the Debtor shall provide the Sealed Documents to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by the Court.

4. Any party authorized, pursuant to this Order, to receive copies of the Sealed Documents, other than the Court or the U.S. Trustee, shall confirm to the Debtor (which confirmation may be made via electronic email), before receiving copies of the Sealed Documents, that such party is bound by the terms of this Order and shall at all times keep the Sealed Documents and Personal Identification Information therein strictly confidential and shall not disclose the Sealed Documents and the Personal Identification Information or the contents thereof to any party whatsoever.

5. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

6.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

RLF1 27596942v.3