## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | Ref. Docket No. 6 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO
MAINTAIN ITS CASH MANAGEMENT SYSTEM, INCLUDING BANK ACCOUNTS
AND BUSINESS FORMS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO; (II) WAIVING (A) CERTAIN OPERATING
GUIDELINES, AND (B) SECTION 345(b) DEPOSIT AND
INVESTMENT REQUIREMENTS; AND
(III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and

debtor in possession (the "Debtor") for the entry of interim and final orders, pursuant to sections

105, 345, 363, 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the

Debtor to (a) continue to maintain its existing cash management system, including bank accounts

and business forms and (b) honor certain prepetition obligations related thereto; (ii) waiving

(a) certain operating guidelines, and (b) the deposit and investment requirements of section

345(b) of the Bankruptcy Code; and upon consideration of the Motion and all pleadings related

thereto, including the First Day Declaration; and due and proper notice of the Motion having

been given; and having determined that no other or further notice of the Motion is required; and

having determined that this Court has jurisdiction to consider the Motion in accordance with 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1]     The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is
        GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City,
        CA 94063.

[2]     Capitalized terms used but not defined herein have the meanings given to them in the Motion.

District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be conducted on August 4, 2022 at 10:00 a.m. (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) GenapSys, Inc., 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063, Attn:  Dana J. Moss (legal@genapsys.com); (ii) proposed co-counsel for the Debtor, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel  C.  Strickland,  Esq.  (rstrickland@willkie.com)  and  Paul  V.  Shalhoub,  Esq. (pshalhoub@willkie.com) and (b) Richards, Layton, & Finger, P.A., One Rodney Square, 920 North  King  Street,  Wilmington,  DE  19801,  Attn:  Daniel  J.  DeFranceschi,  Esq. (defranceschi@rlf.com), Michael J. Merchant, Esq. (merchant@rlf.com), and David T. Queroli, Esq. (queroli@rlf.com); (c) counsel for the Prepetition Secured Parties, (i) Greenberg Traurig LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002 (Attn: Shari L. Heyen (heyens@gtlaw.com) and Eric J. Howe (howee@gtlaw.com)) and (ii) Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305 (Attn: David B. Kurzweil (kurzweild@gtlaw.com) and Matthew A. Petrie (petriem@gtlaw.com); and (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn:  Jane M. Leamy, Esq.

(jane.m.leamy@usdoj.gov), no later than July 28, 2022 at 4:00 p.m. (ET).  If no objections to the

entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order

without further notice or a hearing.

3.      The Debtor is authorized, but not directed, to: (i) continue to maintain and use the

Cash Management System as described in the Motion and (ii) honor prepetition obligations

related thereto.

4.      The Debtor is further authorized, but not directed, to (i) continue to use, with the

same account numbers, the Bank Accounts in existence on the Petition Date; (ii) use, in their

present form, any preprinted correspondence and Business Forms (including checks and

letterhead) without reference to the Debtor's status as debtor in possession; provided that once

the Business Forms (including letterhead and existing checks) have been used, the Debtor shall,

when reordering, require the designation "Debtor in Possession" and the corresponding

bankruptcy case number on all such documents; (iii) treat the Bank Accounts for all purposes as

accounts of the Debtor as debtor in possession; (iv) deposit funds in and withdraw funds from the

Bank Accounts by all usual means, including checks, ACH Transfers, wire transfers, and other

debits; and (v) perform its obligations under the documents governing the Bank Accounts.  With

respect to Business Forms that the Debtor or its agents print themselves, the Debtor shall begin

printing the "Debtor in Possession" legend and the bankruptcy case number on such Business

Forms within ten (10) days of the date of entry of this Interim Order.

5.      The Banks are hereby authorized to continue to service and administer the Bank

Accounts as accounts of the Debtor as debtor in possession without interruption and in the usual

and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn

on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the

3

holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtor before the Petition Date may be honored by a Bank if specifically authorized by order of this Court.

6.      The Banks are hereby authorized to debit Bank Fees from the Bank Accounts without further order of this Court, provided that such fees and charges are authorized under the applicable account agreement with the Debtor, and provided further that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

7.      Notwithstanding any other provision of this Interim Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (i) at the direction of the Debtor; (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

8.      Each of the Banks is authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Chapter 11 Case; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to filing of the Chapter 11 Case which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for

4

such items prior to filing of the Chapter 11 Case; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

9.      Each of the Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

10.     Within fifteen (15) days of the date of entry of this Interim Order, the Debtor shall (i) contact the Banks; (ii) provide the Banks with the Debtor's employer identification number and the case number of the Chapter 11 Case; and (iii) identify for the Banks each of the Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

11.     For Banks at which the Debtor holds Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall use its good-faith effort to cause such Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty days of the date of the Interim Order.

12.     The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided that (a) the Prepetition Agent and Rabbet Funding, L.L.C., as administrative agent of the DIP, consents to the same, and (b) the Debtor provides the United States Trustee for the District of Delaware ("U.S. Trustee") and counsel to any statutory committee appointed in this Chapter 11 Case with notice within fifteen (15) days of opening or closing any such accounts; provided, further, that the Debtor shall only open any such new bank accounts at banks that have executed

5

a UDA with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement.

13.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived, as applicable.

14.     The Banks are authorized to continue to charge, and the Debtor is authorized to pay, honor, or allow the deduction from the appropriate account, any services charges or fees owed to the Banks in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.  The liens on any of the Bank Accounts granted to creditors will not have priority over such fees and charges of the respective Bank at which the Bank Account is located.

15.     The Debtor shall maintain accurate and detailed records of all transfers so that all transactions may be ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

16.     The Debtor shall have thirty days (or such additional time as the U.S. Trustee may agree to or this Court may order) from the date of the entry of this Interim Order within which to either comply with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee; provided, however, that such extension is without prejudice to the Debtor's right to request a further extension or waiver of the requirements of section 345(b) of the Bankruptcy Code.

17.     Within two (2) business days from the date of the entry of this Interim Order, the Debtor shall (i) serve a copy of this Interim Order on each Bank and (ii) request that each Bank internally code each of the Bank Accounts as "debtor in possession" accounts.

18.     Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate; or (iii) shall be construed as a promise to pay a claim.

19.     The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

20.     The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

21.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: July 13th, 2022
Wilmington, Delaware

7