## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | Hearing Date: August 4, 2022 at 10:00 a.m. (ET) <br> Obj. Deadline: July 28, 2022 at 4:00 p.m. (ET) |
| | Re: Docket No. 10 |

## LIMITED OBJECTION OF HESAAM ESFANDYARPOUR, PH.D AND KOSAR PARIZI, PH.D TO DEBTOR'S DIP MOTION

Hesaam Esfandyarpour, Ph.D. and Kosar Parizi, Ph.D (collectively, the "Founders"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Objection") to the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Use Cash Collateral and (B) Grant Adequate Protection; (II) Authorizing Debtor to (A) Obtain Postpetition Financing and (B) Grant Liens and Superpriority Administrative Expense Claims; (III) Modifying Automatic Stay; (IV) Setting a Final Hearing; and (V) Granting Related Relief* [Docket No. 10] (the "DIP Motion").[2] In support of this Objection, the Founders respectfully state as follows:

### BACKGROUND

1. On July 11, 2022 the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as a debtor in

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Case.

2. On July 12, 2022, the Debtor filed the DIP Motion. Through the DIP Motion, the Debtor seeks authorization to obtain funding of $4 million. *See* DIP Motion at ¶ 32. The DIP Credit Agreement is attached as Exhibit B to the DIP Motion. Section 8.1(h) of the DIP Credit Agreement provides that an order dismissing the Chapter 11 Case, or the appointment of a chapter 11 trustee, constitutes an event of default. *See* DIP Credit Agreement at § 8.1(h)(i) and (ii). Section 2.7 of the DIP Credit Agreement provides that upon an event of default, the interest rate on the loans increases from 14.0% per annum to 16.0% per annum. *See* DIP Credit Agreement at § 2.7.

3. On July 13, 2022, the Court entered an interim order on the DIP Motion (the "Interim Order") [Docket No. 41]. Pursuant to the Interim Order, the Debtor was authorized to obtain $1 million on an interim basis. *See* Interim Order at ¶ 8.

4. A final hearing on the DIP Motion is set for August 4, 2022 at 10:00 a.m. (ET), at which the Debtor will seek authorization to obtain an additional $3 million in funding. *See* Docket No. 52.

5. On July 25, 2022, the Founders filed the *Motion of Dr. Hesaam Esfandyarpour and Kosar Parizi to (I) Dismiss the Chapter 11 Case or (II) In the Alternative, Appoint a Chapter 11 Trustee* [Docket No. 73] (the "Motion to Dismiss"). A hearing on the Motion to Dismiss is set for August 15, 2022 at 11:00 a.m. (ET).

## LIMITED OBJECTION

6. The hearing on the DIP Motion is currently set to be held on August 4, 2022, before the outcome of the Motion to Dismiss will be determined on August 15, 2022. The Court should

delay ruling on the DIP Motion until after ruling on the Motion to Dismiss. Otherwise, the Debtor may unnecessarily incur an additional $3 million in debt before the Chapter 11 Case is dismissed.

7. Additionally, assuming the Motion to Dismiss is successful, the Debtor will be in default on the DIP Credit Agreement and will pay approximately $3,000 per week in interest on the $1 million in funding authorized by the Interim Order. However, if the Debtor is authorized to obtain an additional $3 million in funding, for a total of $4 million, then weekly interest jumps to approximately $12,000 per week in the event that the Motion to Dismiss is successful.

8. The Founders also note that Love Health Inc. is willing to immediately lend $5 million within 72 hours should this Court grant the Motion to Dismiss. While the Debtor may need additional liquidity, to preserve the status quo pending a resolution of the Motion to Dismiss, any additional borrowing should be limited to what is critically necessary, and should not be in an amount that would all but consume the Love Health Inc. financing should the Court grant the Motion to Dismiss.

9. As such, in order to prevent the Debtor from accruing substantial debt obligations while the Motion to Dismiss is pending, and pre-determining outcomes for this case, the Court should delay making a final ruling on the DIP Motion until the Court has ruled on the Motion to Dismiss. Rather, the Debtor should simply be afforded a further interim order that allows for borrowing consistent with their funding needs through and including August 15, 2022.

10. Contemporaneously with the filing of this Objection, the Founders are also objecting to the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder and to Provide Bidding Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment*

*Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 54]. The Founders are seeking an extension of the sale milestones pending the resolution of the Motion to Dismiss. To the extent that extension of those milestones would create an event of default under the DIP Credit Agreement, the Court should likewise decline to approve such events of default as conditions to any further funding under the DIP Credit Agreement.

WHEREFORE, the Founders respectfully request that, (i) the Court delay making a final ruling on the DIP Motion pending the outcome of the Motion to Dismiss, (ii) limit any additional interim relief to the funding that is necessary through August 15, 2022, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2022      Respectfully submitted,
       Wilmington, Delaware

                                       */s/ Jeremy W. Ryan*
                                       Jeremy W. Ryan (No. 4057)
                                       Christopher M. Samis (No. 4909)
                                       R. Stephen McNeill (No. 5210)
                                       Elizabeth R. Schlecker (No. 6913)
                                       **POTTER ANDERSON & CORROON LLP**
                                       1313 N. Market Street, 6th Floor
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 984-6000
                                       Facsimile: (302) 658-1192
                                       Email: jryan@potteranderson.com
                                                  csamis@potteranderson.com
                                                  rmcneill@potteranderson.com
                                                  eschlecker@potteranderson.com

                                       *Counsel to the Founders*