**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | **Hearing Date:  August 4, 2022 at 4:00 p.m. (ET)**<br>**Obj. Deadline:  July 28, 2022 at 4:00 p.m. (ET)**<br><br>**Re: Docket No. 54** |

### LIMITED OBJECTION OF HESAAM ESFANDYARPOUR, PH.D
### AND KOSAR PARIZI, PH.D TO DEBTOR'S SALE MOTION

Hesaam Esfandyarpour, Ph.D. and Kosar Parizi, Ph.D (collectively, the "Founders"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Objection") to the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder and to Provide Bidding Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 54] (the "Sale Motion").[2]  In support of this Objection, the Founders respectfully state as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

## BACKGROUND

1.        On July 11, 2022 the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Case.

2.        On July 14, 2022, the Debtor filed the Sale Motion.  Through the Sale Motion, the Debtor seeks authorization to sell substantially all of its assets to an unnamed Stalking Horse Bidder.  *See* Sale Motion at ¶¶ 13, 24.  Additionally, the Debtor proposes August 23, 2022 as the deadline to object to a sale of the Debtor's assets, August 23, 2022 as the deadline to submit bids for the Debtor's assets, August 25, 2022 as the date for a proposed auction of the Debtor's assets, August 30, 2022 as the supplemental deadline to object to the sale of the Debtor's assets, September 2, 2022 as the proposed sale hearing, and September 9, 2022 as the proposed closing date.  *See* Sale Motion at ¶ 20.  These dates have been determined according to the milestones established with the DIP Lender and are keyed off of the Petition Date.  *See* Sale Motion at ¶ 8.  A hearing on the Sale Motion is set for August 4, 2022 at 10:00 a.m. (ET).

3.        On July 25, 2022, the Founders filed the *Motion of Dr. Hesaam Esfandyarpour and Kosar Parizi to (I) Dismiss the Chapter 11 Case or (II) In the Alternative, Appoint a Chapter 11 Trustee* [Docket No. 73] (the "Motion to Dismiss").  A hearing on the Motion to Dismiss is set for August 15, 2022 at 11:00 a.m. (ET).

## LIMITED OBJECTION

4.        While the sale of a debtor's assets may be guided by the Debtors' business judgment, the Court need not accept the Debtors' business judgment with respect to process.  *See* Hr'g Tr. at 7:6-13, *In re Am. Safety Razor Co., LLC*, Case No. 10-12351 (MFW) (Bankr. D. Del.

Sept. 30, 2010) ("I don't think, as the debtors suggest, that my consideration of bid procedures is based on the business judgment rule. I need not accept the debtors' business judgment with respect to process. The Bankruptcy Code and Rules and the process under the Bankruptcy Code are all matters for the debtor – for the Court's determination as to what is fair and reasonable. In fact, I think that's my only role in this case: to determine what is fair for all the parties.").[3]

**The Expedited Sale Timeline is Not Warranted**

5.      Here, the hearing on the Sale Motion is currently set to be held on August 4, 2022, before the outcome of the Motion to Dismiss will be determined on August 15, 2022.

6.      Keying the dates off of the Petition Date for the timeline proposed in the Sale Motion is unreasonable where, as here the Motion to Dismiss is pending. The Debtor's proposed timeline would set the deadline to object to the sale and to submit bids as August 23, 2022, August 25, 2022 as the date for a proposed auction of the Debtor's assets, August 30, 2022 as the supplemental deadline to object to the sale of the Debtor's assets, September 2, 2022 as the proposed sale hearing, and September 9, 2022 as the proposed closing date. The whole process could be completed less than four weeks after the hearing on the Motion to Dismiss.

7.      To the extent that interested parties want to wait to engage in the sale process until after the Motion to Dismiss is decided, the proposed timeline leaves little time for parties to meaningfully engage. The Court should not allow the Debtor to move forward with a sale of substantially all of its assets while the Motion to Dismiss is pending, instead, the sale process should be extended by at least 28 days, including all interim milestones.

---

[3] Copies of all transcripts cited herein are available upon request.

WHEREFORE, the Founders respectfully request that the Court extend the timeline of the

sales process by at least 28 days, including all interim milestones, and grant such other and further

relief as the Court deems just and proper.


Dated: July 28, 2022                                    Respectfully submitted,
        Wilmington, Delaware


                                                        */s/ Jeremy W. Ryan*
                                                        Jeremy W. Ryan (No. 4057)
                                                        Christopher M. Samis (No. 4909)
                                                        R. Stephen McNeill (No. 5210)
                                                        Elizabeth R. Schlecker (No. 6913)
                                                        **POTTER ANDERSON & CORROON LLP**
                                                        1313 N. Market Street, 6th Floor
                                                        Wilmington, Delaware 19801
                                                        Telephone: (302) 984-6000
                                                        Facsimile:  (302) 658-1192
                                                        Email:  jryan@potteranderson.com
                                                                csamis@potteranderson.com
                                                                rmcneill@potteranderson.com
                                                                eschlecker@potteranderson.com

                                                        *Counsel to the Founders*

4