IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | Re: Docket No. 114 |

**ORDER APPROVING STIPULATION PURSUANT TO FED. R. EVID. 502(D)**

Upon the certification of counsel (the "Certification of Counsel")[2] of the Debtor regarding approval of the stipulation attached hereto as **Exhibit 1** (the "Rule 502(d) Stipulation"); and the Court having jurisdiction to consider the Certification of Counsel and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Certification of Counsel and the requested relief being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Certification of Counsel in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and the Court having reviewed the Certification of Counsel and the Stipulation; and it appearing that entry of an order approving the Stipulation is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Certification of Counsel.

RLF1 27768911v.1

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Rule 502(d) Stipulation attached hereto as **Exhibit 1** is hereby approved.

2. The production of privileged or work-product protected documents and electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

4. The Debtor and the Movants are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Rule 502(d) Stipulation.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: August 8th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**