IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GENAPSYS, INC.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br><u>Obj. Deadline</u>: Aug. 17, 2022 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: Aug. 24, 2022 at 11:00 a.m. (ET) |

**MOTION OF THE DEBTOR FOR AN ORDER (I) EXTENDING THE TIME
TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF
FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") hereby files this motion (the "<u>Motion</u>") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to sections 105(a) and 521(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (i) extending the initial deadline of August 8, 2022 to file its schedules of assets and liabilities and statement of financial affairs (collectively, the "<u>Schedules and Statement</u>") by an additional 23 days, through and including August 31, 2022, without prejudice to the Debtor's right to request additional time if necessary, and (ii) granting related relief.[2]  In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904).  The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current deadline automatically extends such deadline until such time as the Court rules on this Motion.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicates for the relief sought herein are sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rule 1007-1.

**BACKGROUND**

3.  On July 11, 2022 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Case. Additional information regarding the Debtor's business, its capital structure, and the circumstances leading to the filing of the Chapter 11 Case is set forth in the *Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 11] (the "First Day Declaration"),[3] filed on the Petition Date and incorporated herein by reference.

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

2

4.  On July 25, 2022, Dr. Hesaam Esfandyarpour, Ph.D. and Dr. Kosar Parizi, Ph.D. filed a motion to dismiss the Chapter 11 Case or, in the alternative, appoint a chapter 11 trustee (the "<u>Motion to Dismiss</u>"). <u>See</u> Docket No. 73.

## RELIEF REQUESTED

5.  By this Motion, the Debtor requests that the Court enter the Proposed Order extending the initial deadline of August 8, 2022 to file its Schedules and Statement by an additional 23 days, through and including August 31, 2022, without prejudice to the Debtor's right to request additional time if necessary, for the reasons set forth below.

## BASIS FOR RELIEF REQUESTED

6.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtor is typically required to file its Schedules and Statement within fourteen (14) days of the Petition Date. 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(b)(1), (c). However, Local Rule 1007-1(b) extends the deadline by which the Debtor must file the Schedules and Statement to twenty-eight (28) days after the Petition Date, provided that the Debtor file a list of creditors (the "<u>Creditor Matrix</u>") with its petition that includes more than two hundred (200) creditors. In this Chapter 11 Case, the Creditor Matrix identifies more than 200 potential creditors [Docket No. 28], and therefore, absent the relief requested herein, the Debtor must file its Schedules and Statement within twenty-eight (28) days after the Petition Date, which is August 8, 2022.

7.  This Court has the authority to grant the requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b). Further, under section 105 of the Bankruptcy Code, the

Court has broad discretion to issue orders necessary to "carry out the provisions of this title." 11 U.S.C. § 105(a).

8. The Debtor submits that good and sufficient cause exists for granting an extension of time to file its Schedules and Statement. To prepare the Schedules and Statement, the Debtor and its advisors must compile information from books, records and documents relating to the claims of hundreds of creditors, as well as the Debtor's many contracts. This information is voluminous and located in numerous places throughout the Debtor's organization. Moreover, before the Petition Date, the Debtor and its advisors were focused on taking the necessary steps to ensure a smooth landing into chapter 11, including preparing "first day" papers. After the Petition Date, those same efforts have continued. The Debtor has filed applications seeking to retain its chapter 11 professionals, as well as other "second day" papers, and has filed a motion seeking to establish bidding procedures for the sale of substantially all of its assets. Finally, the Debtor has expended considerable resources preparing its response to the Motion to Dismiss and is continuing to expend considerable time and effort to prepare for the scheduled August 15th hearing thereon. As a result, the Debtor will not be in a position to properly and accurately complete the Schedules and Statement by the current deadline of August 8, 2022.

9. Accordingly, the Debtor respectfully requests that the Court extend the deadline by which the Debtor must file its Schedules and Statement through and including August 31, 2022 (making the Schedules and Statement due on or before 51 days after the Petition Date), without prejudice to the Debtor's right to request further extensions. The Debtor submits that its request for a limited extension of the deadline to file its Schedules and Statement is appropriate and warranted under the circumstances.

## NOTICE

10. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware, (iii) the Internal Revenue Service; (iv) the United States Securities and Exchange Commission; (v) counsel for the DIP Administrative Agent and the Prepetition Agent; (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; and (vii) any other party entitled to notice pursuant to Bankruptcy Rule 2002 or order of the Court. The Debtor respectfully submits that no further notice of this Motion need be provided.

## NO PRIOR REQUEST

11. No previous request for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank; signature page follows]*

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached here as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 8, 2022
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ David T. Queroli*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com

*Proposed Counsel to the
Debtor and Debtor in Possession*