**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | Re: Docket No. 175 |

**NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On July 14, 2022, GenapSys, Inc. as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 54] (the "Motion") seeking entry of (a) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")[2] to be used in connection with one or more sales (each, a "Sale Transaction") of substantially all of the Debtor's assets (the "Assets"); (ii) authorizing the Debtor to designate a Stalking Horse Bidder and provide Bid Protections in accordance with the Stalking Horse Designation Procedures; (iii) scheduling (A) an auction of the Assets (the "Auction") on **September 1, 2022, at 10:00 a.m. (ET)** and (B) a final hearing to consider approval of the proposed Sale Transaction(s) (the "Sale Hearing") on **September 7, 2022, at 1:00 p.m. (ET)**; (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with any Sale Transaction; (vi) approving the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtor's calculation of the amount necessary to cure any defaults under an applicable Contract and certain other information regarding the potential assumption and assignment of Contracts in connection with the Sale Transaction; and (vii) granting related relief; and (b) one or

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this Sale Notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

more orders (each, a "Sale Order") (i) authorizing one or more Sale Transactions for a sale of the Assets free and clear of all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtor and any Successful Bidder (as defined in Section VI.C.1 of the Bidding Procedures), with liens to attach to the proceeds of the applicable Sale Transaction; (ii) authorizing the assumption and assignment of certain Contracts in connection with approved Sale Transactions; and (iii) granting related relief.

On August 17, 2022, the Court entered the Bidding Procedures Order [Docket No. 175].

**You are receiving this Notice because you may be a Counterparty to a Contract of the Debtor that may be assumed and assigned to the Successful Bidder for the Debtor's Assets.**

## CURE COSTS

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtor may, in connection with the Sale Transaction with the Successful Bidder at the Auction, seek to assume and assign to the Successful Bidder certain of its Contracts. Each of the Contracts that potentially could be assumed and assigned in connection with the Sale Transaction, together with the Debtor's calculation of Cure Costs with respect to such Contracts, is set forth on Schedule 1 hereto. The inclusion of any Contract on Schedule 1 does not constitute an admission by the Debtor, any Stalking Horse Bidder, any Successful Bidder, or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed or assigned. All rights of the Debtor with respect thereto are reserved.

In addition, to the extent that any of the Cure Costs set forth on Schedule 1 do not reflect (i) postpetition payments that have been made by the Debtor in respect of applicable Cure Costs or (ii) any payments that are made by the Debtor in respect of such Cure Costs after the filing of this Notice, the respective amounts required to be paid to cure any existing defaults under the applicable Contracts shall be reduced by any such corresponding postpetition payments, and the Debtor reserves its rights to update the Cure Costs set forth on Schedule 1 accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable Counterparty.

## CURE OBJECTIONS

### A.  Cure Objection Deadline

Any Counterparty that wishes to object to the Debtor's proposed Cure Costs (each such objection, a "Cure Objection") must file with the Court by no later than **August 30, 2022, at 4:00 p.m. (ET)** and serve on the Objection Notice Parties (as defined in Section IX.D of the Bidding Procedures) its Cure Objection, which must be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof.

### B.  Resolution of Cure Objections

Pursuant to the Bidding Procedures Order, the Debtor, any Stalking Horse Bidder or Successful Bidder (if applicable) and the objecting Counterparty must first confer in good faith to

attempt to resolve the Cure Objection without Court intervention. If the parties are unable to consensually resolve the Cure Objection prior to the commencement of the Sale Hearing, the Court shall make all necessary determinations relating to the applicable Cure Costs and Cure Objection at a hearing scheduled pursuant to the following paragraph. If a Cure Objection is resolved in a manner that is not in the best interests of the Debtor and its estate, whether or not such resolution occurs prior to or after the closing of the applicable Sale Transaction, the Debtor may determine that any Contract subject to such resolved Cure Objection no longer will be assumed and assigned; <u>provided</u>, <u>that</u>, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code. All other objections to the Debtor's proposed assumption and assignment of the Debtor's right, title, and interest in, to, and under a Contract shall be heard at the Sale Hearing.

### C. Adjourned Cure Objections

If a timely filed Cure Objection cannot otherwise be resolved by the parties, the Cure Objection may be heard at the Sale Hearing, or, at the option of the Debtor, in consultation with the Consultation Parties (as defined in Section X of the Bidding Procedures) and the applicable Successful Bidder, be adjourned to a subsequent hearing (each such Cure Objection, an "<u>Adjourned Cure Objection</u>"). Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Contract that was the subject of such Adjourned Cure Objection shall, at the election of the Successful Bidder, and subject to the Debtor's rights set forth in paragraph 25 of the Bidding Procedures Order, be deemed assumed and assigned to the applicable Successful Bidder as of the closing date of the applicable Sale Transaction.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CURE OBJECTION, THE COUNTERPARTY FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT. THE CURE COSTS SET FORTH ON <u>SCHEDULE 1</u> HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE CONTRACT AND SATISFY THE REQUIREMENTS OF SECTION 365(b) OF THE BANKRUPTCY CODE, AND THE COUNTERPARTY TO THE CONTRACT SHALL BE DEEMED BOUND BY AND TO HAVE CONSENTED TO THE CURE COSTS.**

### NOTICE OF AUCTION RESULTS

The Auction, if required, will be conducted **on September 1, 2022, at 10:00 a.m. (ET)**, either (i) at Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, or (ii) virtually or at such other date, time or location as designated by the Debtor. If the Debtor conducts the Auction virtually, the Debtor will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail. The Debtor will provide notice (via electronic mail or otherwise) of any change

in the date, time or location of the Auction to Qualified Bidders, and will cause publication of such change to occur on the Kroll Website.

One day after the conclusion of the Auction, the Debtor will file with the Court, serve on the Sale Notice Parties (as defined in Section IX.B of the Bidding Procedures) and cause to be published on the website maintained by Kroll Restructuring Administration LLC, the Debtor's claims and noticing agent in these Chapter 11 Cases, located at https://cases.ra.kroll.com/genapsys (the "Kroll Website"), a notice of the results of the Auction, which will, among other things, (A) identify the Successful Bidder(s) and Backup Bidder(s); (B) either include a copy of each Successful Bid and each Backup Bid or a summary of the material terms of such bids, including any assumption and assignment of Contracts contemplated thereby, or provide instructions for accessing each Successful Bid and each Backup Bid free of charge from the Kroll Website; and (C) set forth the date, time, and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Sale Notice Parties of the outcome of the Auction.

## ADEQUATE ASSURANCE OBJECTIONS

### A. Adequate Assurance Objection Deadline

Any Counterparty to a Contract that wishes to object to the proposed assumption and assignment of a Contract, the subject of which objection is the Successful Bidder's (or any other relevant assignee's) proposed form of adequate assurance of future performance with respect to the Contract (each such objection, an "Adequate Assurance Objection"), must file with the Court and serve on the Objection Notice Parties an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof, by **September 6, 2022, at 12:00 p.m. (ET)**.

### B. Resolution of Adequate Assurance Objections

Pursuant to the Bidding Procedures Order, the Debtor, the applicable Successful Bidder and the objecting Counterparty must first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the Sale Hearing, the Adequate Assurance Objection and all issues of adequate assurance of future performance of the applicable Successful Bidder (or any other relevant assignee) shall be determined by the Court at the Sale Hearing.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND/OR ASSIGNMENT OF THE APPLICABLE CONTRACT WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE. THE APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B) AND, IF APPLICABLE, 365(b)(3),**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR ANY OTHER DOCUMENT.**

## SALE HEARING

The Sale Hearing shall take place on **September 7, 2022, at 1:00 p.m. (ET)** before The Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801.

## ADDITIONAL INFORMATION

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Kroll Website.

Dated: August 17, 2022
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ James F. McCauley*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
James F. McCauley (No. 6991)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com
mccauley@rlf.com

*Counsel to the Debtor and Debtor in Possession*