IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENAPSYS, INC().,[1] | : | Case No. 22-10621 (BLS) |
| | : | |
| | : | Obj. Deadline: August 19, 2022 at 12:00 p.m. |
| Debtor. | : | Hearing Date: August 22, 2022 at 11:00 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO STALKING HORSE AGREMENT AND RELATED BID PROTECTIONS IN CONNECTION WITH THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND (II) GRANTING RELATED RELIEF**

In support of his objection to the Emergency Motion of the Debtor for Entry of an Order (I) Authorizing and Approving Entry into Stalking Horse Agreement and Related Bid Protections in Connection with the Sale of All or Substantially All of the Debtor's Assets, and (II) Granting Related Relief (the "Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1. The Motion seeks approval to enter into a stalking horse agreement with Sequencing Health, Inc., an entity affiliated with entities, funds and/or accounts managed or advised by holders of the Debtor's Series D Preferred Equity Interests.[2] Sequencing Health Inc. has submitted a bid of approximately $42 million, which consists of cash consideration of up to $10 million and the assumption of the certain prepetition indebtedness to Oxford Finance LLC.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

The U.S. Trustee objects to the Motion to the extent that it seeks to provide bid protections of (i) a Break-Up Fee in the amount of $1,290,000 and (ii) an Expense Reimbursement in a maximum amount not to exceed $750,000.

2. Bid protections are intended to provide an incentive for a party to expend the time and resources performing necessary due diligence to make a stalking horse bid. Here, Sequencing Health, Inc. did not need any additional incentive to place a bid, as it is an entity affiliated with entities, funds and/or accounts managed or advised by three holders of preferred equity interests in the Debtor. In addition, one of the three holders of preferred equity interests has a representative that serves on the Debtor's board, which presumably reduced the need for extensive due diligence.

## JURISDICTION, VENUE AND STANDING

3. This Court has jurisdiction to hear this Objection.

4. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

**BACKGROUND**

6. On July 11, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. As of this date, the U.S. Trustee has not appointed an official committee of unsecured creditors in this case.

8. The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On July 14, 2022, the Debtor filed a motion for approval of bidding procedures for the sale of substantially all of its assets ("Bid Procedures Motion") [D.I. 54]. On August 17, 2022, the Court entered an order granting the Bid Procedures Motion. [D.I. 175].

10. On August 12, 2022, the Debtor filed the Motion, seeking approval to designate Sequencing Health, Inc. as the Stalking Horse Bidder. [D.I. 149]. The Stalking Horse Bidder is "affiliated with entities, funds and/or accounts managed or advised, directly or indirectly, by, or under common control with, three investors holding Series D preferred equity interests in the Debtor: Farallon Capital Management L.L.C ("Farallon"), Soleus Private Equity Fund, II, L.P. ("Soleus") and PBM GEN Holdings, LLC ("PBM")." (Motion, ¶ 6). The bid is comprised of up to $10 million in cash consideration and the assumption of certain prepetition indebtedness to Oxford Finance LLC (the "Purchase Price"). The Debtor estimates that the aggregate Purchase Price will be approximately $42 million. (Motion, ¶ 7).

11. The Debtor has agreed to pay to the Stalking Horse Bidder proposed Bid Protections consisting of (i) a Break-Up Fee in the amount of $1,290,000 and (ii) an Expense Reimbursement in a maximum amount not to exceed $750,000. (Motion, ¶ 11).

12. The Stalking Horse Bidder is an entity affiliated with entities, funds and/or

accounts managed or advised by three investors holding Series D preferred equity interests in the Debtor: Farallon, Soleus and PBM. Funds and/or accounts owned by Farallon own, directly or indirectly, 71% of the Debtor's Series D Preferred Equity Interests. (Motion, fn. 3). Soleus own 15.7% of and PBM owns 4.2% of the Debtor's Series D Preferred Equity Interests. See Chapter 11 Petition [D.I. 1].

13. The Debtor's preferred stock is separated into four series, with Series D holding senior priority in order of liquidation preference. See Declaration of Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions, ¶ 14 [D.I. 11] ("Russell Declaration"). The total amount outstanding of the Debtor's Preferred Equity Interests is approximately $200.3 million, with Series D comprising $70 million of that amount. Russell Declaration, ¶ 15.

## ARGUMENT

14. Break-up fees must be sought and analyzed under Bankruptcy Code section 503(b). See *In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010) ("[A] bidder must seek a break-up fee under 11 U.S.C. § 503(b)[.]") (citing *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 535 (3d Cir. 1999).

15. The analysis of break-up fees under section 503(b) "must be made in reference to general administrative expense jurisprudence. In other words, the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *O'Brien*, 181 F.3d at 535. "[T]ermination fees are subject to the same general standard used for all administrative expenses under 11 U.S.C. § 503[.]" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 313 (3d Cir. 2018).

16. A break-up fee must be structured to encourage, not discourage competing bids.

*See In re O'Brien*, 181 F.3d at 535 ("the assurance of a break-up fee may serve to induce an initial bid (a permissible purpose), it may also serve to advantage a favored purchaser over other bidders by increasing the cost of acquisition to the other bidders (an impermissible purpose)." Even if a break-up fee would benefit the estate, the Court must still determine "whether the proposed fee's potential benefits to the estate outweigh any potential harms, such that the fee is actually necessary to preserve the value of the estate." *Energy Future Holdings,* 904 F.3d at 314 (*citing O'Brien*, 181 F.3d at 535 (quotation marks omitted).

17. Given the Stalking Horse Bidder's connections to preferred equity owners of the Debtor, it has strategic reasons for bidding. The Stalking Horse Bidder presumably already knows the details of the Debtor's operations and financial affairs. Since the Stalking Horse Bidder is comprised of entities, funds and/or accounts managed or advised by preferred equity investors of the Debtor who have a strategic incentive to preserve their current interest in the Debtor, it does not need the Bid Protections to secure its participation. As such, the requested Bid Protections are not "actually necessary to preserve the value of the estate," as required under *O'Brien*.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        **ANDREW R. VARA**
        **UNITED STATES TRUSTEE**
        **REGIONS 3 AND 9**

**By:**   */s/ Jane M. Leamy*
        Jane M. Leamy (#4113)
        Trial Attorney
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207, Lockbox 35
        Wilmington, DE 19801
        (302) 573-6491
        Jane.M.Leamy@usdoj.gov

Dated: August 19, 2022