IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GENAPSYS, INC.,[1] | Case No. 22-10621 (BLS) |
| Debtor. | Re: No. 221 |

**ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION LIFE AND DISABILITY INSURANCE OBLIGATIONS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion"),[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 105(a), 363(b), 507(a) and 541 of the Bankruptcy Code, (i) authorizing the Debtor to pay its L&D Insurance Obligations in an amount not to exceed $100,000 without further order of the Court, (ii) authorizing the Debtor to continue to honor and continue the NYL L&D Insurance Policies in the ordinary course of business, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is GenapSys, Inc. (3904). The Debtor's headquarters are located at 200 Cardinal Way, 3rd Floor, Redwood City, CA 94063.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

RLF1 27928296v.1

notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceeding had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized but not directed, in its discretion and business judgment, to (i) pay or otherwise honor all L&D Insurance Obligations, in an amount not to exceed $100,000 without further order of the Court; and (ii) honor and continue the NYL L&D Insurance Policies and related practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtor honored and continued such programs, policies and practices before the Petition Date.

3. The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.

4. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor; (ii) shall impair, prejudice, waive or otherwise

affect the rights of the Debtor or its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

5. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**Dated: September 12th, 2022**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3

RLF1 27928296v.1