**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co. (f/k/a GenapSys, Inc.)[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>Ref. Docket No. 250 |

**ORDER ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING FOR ADMINISTRATIVE EXPENSE CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of the Debtor for entry of an order, pursuant to sections 501 and 502 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e), establishing Bar Dates and related procedures by which creditors must file their Proofs of Claim, all as more fully set forth in the Motion; and the Court having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

requested therein at a hearing, if any (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceeding had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The Court hereby approves (i) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached hereto as Exhibit A, Exhibit B and Exhibit C, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3. Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose, or is deemed to have arisen, prior to July 11, 2022 (the "Petition Date") and (a) whose claim is either (i) not listed on the Debtor's schedules of assets and liabilities (collectively, the "Schedules"), or (ii) is listed on the Schedules as disputed, contingent or unliquidated, or (b) who disagrees with the amount, nature and/or priority listed in the Schedules, must file a Proof of Claim on or prior to the General Bar Date to be designated by the Debtor, which shall be no earlier than the first business day that is at least thirty (30) days after the Service Date of the Bar Date Notice at 5:00 p.m. (prevailing Eastern Time) (the "General Bar

Date"). The Debtor shall include the designated General Bar Date in the Bar Date Notice thereby making the designated General Bar Date a matter of record.

4. Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtor is January 9, 2023 at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

5. Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtor's estate.

6. All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the online Proof of Claim Form available at *https://cases.ra.kroll.com/genapsys*) an original, written proof of claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll Restructuring Administration LLC ("Kroll"), the Debtor's claims and noticing agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> Redwood Liquidating Co. (f/k/a GenapSys, Inc.) Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232

7. A Proof of Claim must satisfy all of the following requirements to be considered

properly and timely filed in this Chapter 11 Case:

    a.    be **actually received** by Kroll as described in paragraph 6 above by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the Proof of Claim Form available on Kroll's website on or before the applicable Bar Date;

    b.    be signed by the Claimant;

    c.    be written in the English language;

    d.    be denominated in lawful currency of the United States (and to the extent such claim is converted to currency of the United States, the conversion rate used in such conversion);

    e.    conform substantially to the Proof of Claim Form or Official Form 410;

    f.    set forth with specificity the legal and factual basis for the alleged claim; and

    g.    include supporting documentation or an explanation as to why such documentation is not available.

8.    Proofs of Claim sent to Kroll by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in this Chapter 11 Case.

9.    Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

    a.    a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Kroll in a form substantially similar to Official Bankruptcy Form No. 410;

    b.    a claim that is listed on the Debtor's Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    c.    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

   d. an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

   e. a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or an order of this Court;

   f. a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

   g. a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

   h. a claim by the Prepetition Agent on account of a claim under the Prepetition Loan Agreement and related loan documents.

  10. Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 9 above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph 9 above.

  11. Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtor (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder that wishes to assert a claim against the Debtor that arises out of or relates to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtor reserves the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

  12. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is

thirty (30) days from the date of the entry of any order authorizing the rejection of such executory contract or unexpired lease (unless the order authorizing such rejection provides otherwise).

13. If the Debtor amends its Schedules, the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtor serves written notice to the affected creditor that the Schedules have been amended.

14. Within five (5) business days after entry of this Order, the Debtor shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

    a. all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

    b. all parties that have requested notice of the proceedings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    c. all parties that have filed proofs of claim in this Chapter 11 Case as of the date of the Bar Date Order;

    d. all known holders of equity securities in the Debtor as of the date of the Bar Date Order;

    e. all known parties to executory contracts and unexpired leases with the Debtor, as indicated on the Schedules;

    f. all known parties to litigation with the Debtor;

    g. the District Director of the Internal Revenue Service for the District of Delaware;

    h. all other known taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

    i. all attorneys general for states in which the Debtor maintains or conducts business;

   j.  the Office of the United States Trustee for the District of Delaware; and

   k.  all other parties listed on the Debtor's creditor matrix;

15. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

16. Pursuant to Bankruptcy Rule 2002(*l*), the Debtor shall cause the Publication Notice to be published once in the national edition of *USA Today*, at least twenty-one (21) days prior to the General Bar Date. Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

17. Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; *provided*, *however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

18. Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (i) the date of shipment of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; (iii) the value of the goods the Claimant contends the Debtor received in the twenty (20) days before the Petition Date; and (iv) whether the Claimant timely

made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand.

19. Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in this Chapter 11 Case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting upon any plan in this Chapter 11 Case and distribution from property of the Debtor's estate.

20. Nothing contained in this Order, the Bar Date Notice, or the Publication Notice is intended or shall be construed as a waiver of any of the Debtor's rights, including, without limitation, its rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing contained in this Order, the Bar Date Notice, or the Publication Notice is intended or shall be construed as an admission of the validity of any claim against the Debtor or an approval, assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

21. The provisions of this Order apply to all claims of whatever character or nature against the Debtor or its assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

22. All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in this Chapter 11 Case shall have the sole responsibility for determining that their respective claim is accurately listed therein.

23. The Debtor and Kroll are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

24. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

Dated: September 29th, 2022  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**