**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co. (f/k/a GenapSys, Inc.)[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>**Re: Docket No. 288** |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR
CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**(GENERAL BAR DATE IS NOVEMBER 3, 2022, AT 5:00 P.M. (PREVAILING EASTERN TIME))**

> **On September 27, 2022, the Court entered an order [Docket No. 283] amending the caption used in the above-captioned Chapter 11 Case to reflect the change of the Debtor's corporate name from GenapSys, Inc. to Redwood Liquidating Co., in connection with the sale of substantially all of the Debtor's assets. Notwithstanding the change of the Debtor's corporate name, the procedures for filing proofs of claim set forth herein and in the Bar Date Order apply to claims asserted against GenapSys, Inc. in connection with its Chapter 11 Case.**

TO: ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTOR (AS LISTED BELOW)

Please take notice that on July 11, 2022 (the "Petition Date"), the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on September 29, 2022, the Court entered an order (the "Bar Date Order") establishing **November 3, 2022, at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity to file a proof of claim in the Chapter 11 Case (the "Proof of Claim" or "Proofs of Claims," as applicable); *provided* that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Case is **January 9, 2023, at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates").

For your convenience, enclosed with this Notice is a proof of claim form (the "Proof of Claim Form"). To the extent your claim is listed in the Debtor's schedules of assets and liabilities filed in this

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

Chapter 11 Case (collectively, the "Schedules"), such Proof of Claim Form identifies on its face the amount, nature, and classification of your claim in the Schedules.

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all claims (the holder of any such claim, a "Claimant") against the Debtor that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the United States Trustee. In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**Individual Debtor Information**. The last four digits of the Debtor's federal tax identification number are 3904. The Debtor's mailing address is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1. **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a claim against the Debtor which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtor's estate.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim. No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date**.

Acts or omissions of the Debtor that occurred or arose before the Petition Date may give rise to Claims against the Debtor that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR BELIEVES THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

A. **Claims For Which No Proof of Claim is Required to be Filed**.

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(i) a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Kroll Restructuring Administration LLC ("Kroll"), the Debtor's claims and noticing agent, in a form substantially similar to Official Bankruptcy Form No. 410;

(ii) a claim that is listed on the Debtor's Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(iii) an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(iv) an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(v) a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or an order of this Court;

(vi) a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(vii) a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

(viii) a claim by the Prepetition Agent on account of a claim under the Prepetition Loan Agreement and related loan documents.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to paragraph A above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph A above.** As set forth in clause (v) above, creditors are not required to file a proof of claim with respect to any amounts paid by the Debtor.

B. **No Bar Date for Proof of Interest.**

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtor (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder that wishes to assert claims against the Debtor that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtor has reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

**C.     Claims Arising from Rejected Executory Contracts or Unexpired Leases**.

Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date of the entry of any order authorizing the rejection of such executory contract or unexpired lease (unless the order authorizing such rejection provides otherwise).

**D.     Amendment to the Debtor's Schedules**.

If the Debtor amends its Schedules after you receive this notice, the Debtor will give notice of that amendment to the holders of claims that are affected by it, and those holders will be given an opportunity to file Proofs of Claim before a new deadline that will be specified in that future notice.

**2.     WHEN AND WHERE TO FILE.**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> Redwood Liquidating Co. (f/k/a GenapSys, Inc.) Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Kroll's website, *https://cases.ra.kroll.com/genapsys*.

Proofs of Claim will be deemed timely filed only if **actually received** by Kroll on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted to Kroll by overnight mail, courier service, hand delivery, regular mail, in person, or through Kroll's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Kroll).

3. **CONTENTS OF A PROOF OF CLAIM.**

As noted above, the Debtor is enclosing a Proof of Claim Form for use in this Chapter 11 Case, or you may use another proof of claim form that substantially conforms to Official Bankruptcy Form No. 410. The Proof of Claim Form is available free of charge on Kroll's website, *https://cases.ra.kroll.com/genapsys*.

To be valid, your Proof of Claim **MUST** (i) be signed by the Claimant; (ii) be written in the English language; (iii) be denominated in lawful currency of the United States (and to the extent such claim is converted to currency of the United States, the conversion rate used in such conversion); (iv) conform substantially to the Proof of Claim Form or Official Form 410; (v) set forth with specificity the legal and factual basis for the alleged claim; and (vi) include supporting documentation or an explanation as to why such documentation is not available.

**If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 13 of the Proof of Claim Form available on Kroll's website at *https://cases.ra.kroll.com/genapsys* the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach to the Proof of Claim Form a supplemental statement setting forth with specificity: (i) the date of shipment of the goods you contend the Debtor received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods you contend the Debtor received in the twenty (20) days before the Petition Date; (iii) the value of the goods you contend the Debtor received in the twenty (20) days before the Petition Date; and (iv) whether you timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, and, if so, include any documentation identifying such demand.**

4. **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Any Claimant that is required to file a Proof of Claim in this Chapter 11 Case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting upon any plan and distribution from property of the Debtor's estate.

5. **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtor that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtor, or goods provided to or by the Debtor, may give rise to claims against the Debtor notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a claim or potential claim against the Debtor, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

**6.    THE DEBTOR'S SCHEDULES.**

You may be listed as the holder of a claim against the Debtor in the Schedules. The Schedules are available free of charge on Kroll's website at *https://cases.ra.kroll.com/genapsys*. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (i) you agree with the nature, amount, and status of your claim as listed in the Schedules **and** (ii) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in this Chapter 11 Case with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

**7.    RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtor's rights, including without limitation, its rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

**8.    ADDITIONAL INFORMATION.**

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at *https://cases.ra.kroll.com/genapsys*. If you have questions concerning the filing or processing of Claims, you may contact the Debtor's claims agent, Kroll, by electronic mail at genapsysinfo@ra.kroll.com or by telephone at (844) 721-3906 (toll-free) or (347) 817-4106 (international). If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtor in writing at the addresses below.

| | |
|---|---|
| Dated: September 29, 2022<br>Wilmington, Delaware | **RICHARDS, LAYTON & FINGER, P.A.**<br><br>*/s/ James F. McCauley*<br>Daniel J. DeFranceschi (No. 2732)<br>Michael J. Merchant (No. 3854)<br>David T. Queroli (No. 6318)<br>Matthew P. Milana (No. 6681)<br>J. Zachary Noble (No. 6689)<br>James F. McCauley (No. 6991)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>defranceschi@rlf.com<br>merchant@rlf.com<br>queroli@rlf.com<br>milana@rlf.com<br>noble@rlf.com<br>mccauley@rlf.com<br><br>*Counsel to the Debtor and Debtor in Possession* |