**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>**Objection Deadline: November 4, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: November 16, 2022 at 10:30 a.m. (ET)** |

**DEBTOR'S THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS TO, AMONG OTHER THINGS, REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) OR CONTRACT(S) ARE SET FORTH IN THE MOTION OR THE EXHIBITS ATTACHED HERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S).**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to reject, effective as of the date stated in Exhibit 1 to the Proposed Order (the "Rejection Date"), certain executory contracts (the "Rejected Contracts," and the counterparties thereto, the "Counterparties"), including any amendments, supplements, or modifications thereto, each as set forth on Exhibit 1 to the Proposed Order. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

**BACKGROUND**

3. On July 11, 2022 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Case. Additional information regarding the Debtor's business, its capital structure, and the circumstances leading to the filing of the Chapter 11 Case is set forth in the *Declaration of Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket

No. 11] (the "First Day Declaration"),[2] filed on the Petition Date and incorporated herein by reference.

4. On August 17, 2022, the Court entered an order [Docket No. 175] (the "Bidding Procedures Order"), approving, among other things, the Debtor's Bidding Procedures.

5. On August 24, 2022, the Court entered an order [Docket No. 198], approving, among other things, the Debtor's entry into the Asset Purchase Agreement with Sequencing Health, Inc. (the "Buyer").

6. On September 4, 2022, the Debtor filed the *Notice of (I) Cancellation of Auction and (II) Successful Bid* [Docket No. 229] identifying that (i) the Buyer submitted the only Qualified Bid, (ii) the Debtor received no other Qualified Bids by the Bid Deadline, and (iii) the Auction was cancelled.

7. On September 12, 2022, the Court entered an order [Docket No. 243] (the "Sale Order"), approving, among other things, the sale of substantially all of the Debtor's assets (the "Sale Transaction") to the Buyer pursuant to the Asset Purchase Agreement.

8. On September 14, 2022 (the "Closing Date"), the Sale Transaction closed. See Docket No. 248.

9. Following the Closing Date and the transition of the Debtor's business to the Buyer, the Debtor ceased operations and is now focused on identifying the value maximizing path forward for its estate.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration, Bidding Procedures Order, or the Sale Order (as defined herein), as applicable.

## RELIEF REQUESTED

10. By this Motion, the Debtor requests that the Court enter the Proposed Order, pursuant to sections 105 and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, (i) authorizing the Debtor to reject the Rejected Contracts as of the Rejection Date, and (ii) granting related relief.

## BASIS FOR RELIEF REQUESTED

11. The Debtor and its advisors have reviewed the Debtor's executory contracts that were not assumed and assigned as part of the Sale Transaction and have determined that, given the closing of the Sale Transaction, the Rejected Contracts are unnecessary and burdensome to the Debtor's estate. In an effort to reduce post-petition administrative costs and in the exercise of the Debtor's business judgment, the Debtor believes rejection of the Rejected Contracts as of the Rejection Date is appropriate and in the best interests of the Debtor, its estate, and all parties in interest.

### A. The Rejection of the Rejected Contracts Is an Appropriate Exercise of the Debtor's Business Judgment

12. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." In re Republic Airways Holdings Inc., 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993)); see also In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"). The bankruptcy court should approve a debtor's rejection of an executory

contract or unexpired lease if such rejection is an exercise of the debtor's sound business judgment, benefits its estate, and is not made in bad faith. See In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate). A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice. See In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (holding the business judgment standard applicable, absent bad faith, whim, or caprice).

13. The Debtor has determined, in the sound exercise of its business judgment, that (i) it no longer needs any of the goods or services provided pursuant to the Rejected Contracts, and (ii) the Rejected Contracts no longer provide any benefit or value to the Debtor. As of the Closing Date, the Debtor has sold substantially all of its assets to the Buyer under the Asset Purchase Agreement and is focused on identifying the value maximizing path forward for its estate. Because the Buyer elected not to take assignment of the Rejected Contracts, and because the Debtor effectively has no operating businesses, the Rejected Contracts no longer provide any benefit to the Debtor and its estate, and thus are unnecessary and burdensome. Accordingly, the Debtor has determined, in the sound exercise of its business judgment, that rejection of the Rejected Contracts is in the best interest of its estate and creditors.

**B. The Retroactive Rejection of the Rejected Contracts Is Appropriate Under the Circumstances**

14. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. See Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d. 602 (2d Cir. 2007) (affirming the bankruptcy court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); In re Jamesway Corp., 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. See In re Thinking Machs. Corp., 67 F.3d 1021, 1029 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); BP Energy Co. v. Bethlehem Steel Corp., No. 02 Civ 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution.").

15. The balance of the equities favors rejection effective as of the Rejection Date. Absent retroactive rejection, the Debtor may incur unnecessary administrative charges and other obligations under the Rejected Contracts without any reciprocal benefits to its estate and without sufficient funding to pay those obligations. See 11 U.S.C. § 365(d)(5). The Counterparties, in contrast, will not be unduly prejudiced if the rejection is deemed effective as of the Rejection

Date because the Debtor is providing notice to the Counterparties contemporaneously with filing this Motion. Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract to be effective as of the date on which the debtor gave the non-debtor party to the executory contract definitive notice of the debtor's intent to reject. See, e.g., In re Mail Sys. Liquidation, Inc., Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (authorizing rejection of contracts *nunc pro tunc* to date of filing motion). Accordingly, the Debtor will serve this Motion on the date hereof by CM/ECF and email on the Counterparties' counsel, if known, and by overnight mail on the Counterparties themselves, demonstrating the Debtor's unequivocal intent to reject the Rejected Contracts as of the Rejection Date.

16. Therefore, the Debtor submits that it is fair and equitable for the Court to grant rejection of the Rejected Contracts effective as of the Rejection Date.

**WAIVER OF BANKRUPTCY RULES 6004(a) and 6004(h)**

17. To implement the foregoing successfully, the Debtor requests, to the extent Bankruptcy Rule 6004 is applicable to the relief requested herein, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the fourteen day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

**RESERVATION OF RIGHTS**

18. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's properties; (ii) a waiver of the Debtor's right to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute an allowed claim.

**NOTICE**

19. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the United States Securities and Exchange Commission; (v) counsel for the DIP Administrative Agent and Prepetition Agent; (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; (vii) the Counterparties; and (viii) any other party entitled to notice pursuant to Bankruptcy Rule 2002 or order of the Court. The Debtor respectfully submits that no further notice of this Motion need be provided.

**NO PRIOR REQUEST**

20. The Debtor has not made any prior request for the relief sought herein to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 21, 2022
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ James F. McCauley*

Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
James F. McCauley (No. 6991)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com
mccauley@rlf.com

*Counsel to the Debtor*
*and Debtor in Possession*