**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Redwood Liquidating Co.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>**Re: Docket No. 310** |

**ORDER (I) AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY**
**CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE**
**AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion"),[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (i) authorizing the Debtor to reject, as of the Rejection Date, certain executory contracts, including any amendments or modifications thereto, each as set forth on Exhibit 1 attached hereto (collectively, the "Rejected Contracts"), and (ii) granting related relief, all as further described in the Motion; and the Court having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be

---

[1]    The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904).  The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Debtor is authorized to reject the Rejected Contracts identified on Exhibit 1 attached hereto, including, to the extent applicable, any agreements, amendments, and modifications thereto, effective as of the Rejection Date.

3.      Any claims based on the rejection of the Rejected Contracts shall be filed in accordance with the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 288] by no later than 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after service of this Order on the applicable Counterparty.

4.      Nothing contained in the Motion or this Order is or should be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute an allowed claim.

5.      Adequate notice of, and an opportunity for a hearing on, the Motion has been provided, and such notice satisfies the requirements of Bankruptcy Rule 6004(a).

6.      Notwithstanding anything in the Bankruptcy Rules to the contrary, this Order is immediately effective and enforceable upon its entry.

7.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: November 14th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**