**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co.[1]<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>Re: Docket Nos. 335, 336, 362 & 364 |

**ORDER (A) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING RECORD DATE, (E) SCHEDULING A CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND CONFIRMATION THEREOF, AND (F) APPROVING THE RELATED FORM OF NOTICE**

Upon consideration of the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order (this "Order") (i) approving the adequacy of the Combined Disclosure Statement and Plan, on an interim basis and for solicitation purposes only, (ii) establishing the Solicitation Procedures and the Vote Tabulation Procedures, (iii) approving the forms of ballot and solicitation materials, (iv) establishing a voting record date, (v) scheduling the Confirmation Hearing and setting the Confirmation Objection Deadline, (vi) approving the Confirmation Hearing Notice, and (vii) granting related relief, as described more fully in the Motion; and the Court having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

dated as of February 29, 2012; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.   The form of ballot attached hereto as Exhibit A (the "Ballot") (i) is consistent with Official Form No. B 314, (ii) adequately addresses the particular needs of this Chapter 11 Case, (iii) is appropriate for the Voting Class, and (iv) complies with Bankruptcy Rule 3017(d).

B.   Ballots need not be provided to Holders of Claims or Equity Interests in the following Classes, as such non-voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with Section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Combined Disclosure Statement and Plan under Section 1126(g) of the Bankruptcy Code:

| Class | Claim/Equity Interest | Status | Voting Rights | Anticipated Recovery |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept | 100% |
| 2 | Secured Claims | Unimpaired | Deemed to Accept | 100% |
| 4a | Series D Preferred Equity Interests | Impaired | Deemed to Reject | 0% |
| 4b | Series D 510(b) Claims | Impaired | Deemed to Reject | 0% |
| 5a | Series C Preferred Equity Interests | Impaired | Deemed to Reject | 0% |
| 5b | Series C 510(b) Claims | Impaired | Deemed to Reject | 0% |
| 6a | Series B Preferred Equity Interests | Impaired | Deemed to Reject | 0% |
| 6b | Series B 510(b) Claims | Impaired | Deemed to Reject | 0% |
| 7a | Series A Preferred Equity Interests | Impaired | Deemed to Reject | 0% |
| 7b | Series A 510(b) Claims | Impaired | Deemed to Reject | 0% |
| 8a | Common Equity Interests | Impaired | Deemed to Reject | 0% |
| 8b | Common Equity 510(b) Claims | Impaired | Deemed to Reject | 0% |

C.     The period during which the Debtor may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for holders of Claims and Equity Interests to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and timely submit their Ballots.

D.     The Vote Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.     The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Combined Disclosure Statement and Plan is approved on an interim basis under Section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

3. The following dates and deadlines are approved:

| Milestone | Proposed Date |
|---|---|
| Voting Record Date | November 29, 2022 |
| Solicitation Mailing Date | Within three business days from entry of this Order, or as soon as reasonably practicable thereafter (which is expected to be December 2, 2022) |
| Claim Objection Deadline (for voting purposes only) | December 6, 2022 |
| 3018 Motion Deadline | December 16, 2022 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | December 23, 2022 |
| Voting Deadline | December 30, 2022 at 4:00 p.m. (ET) |
| 3018 Objection Deadline | December 30, 2022 at 4:00 p.m. (ET) |
| Confirmation Objection Deadline | December 30, 2022 at 4:00 p.m. (ET) |
| Deadline to File Memoranda of Law, Replies to any Objections to the Combined Disclosure Statement and Plan, and/or Affidavits in Support of Confirmation of the Combined Disclosure Statement and Plan, and the Voting Declaration | January 4, 2023 at 12:00 p.m. (ET) |
| Confirmation Hearing | January 5, 2023 at 10:00 a.m. (ET) |

4. As set forth in paragraph 3 above, the Confirmation Hearing is scheduled for **January 5, 2023 at 10:00 a.m. (Eastern Time)**, before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, in Courtroom 1 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801. Also set forth in paragraph 3 above, the deadline to file objections to the adequacy of the Combined Disclosure Statement and Plan and/or confirmation thereof (the "Confirmation Objection Deadline") shall be **4:00 p.m. (Eastern Time) on December 30, 2022**. The

Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open court.

5. Objections to the adequacy of the Combined Disclosure Statement and Plan and/or confirmation thereof, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person; (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Combined Disclosure Statement and Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court by the Confirmation Objection Deadline and served on the notice parties identified in the Confirmation Hearing Notice.

6. As set forth in paragraph 3 above, the Debtor shall, if it deems necessary in its discretion, file a consolidated reply to any such objections and/or any affidavits or declarations in support of approval of the Combined Disclosure Statement and Plan by no later than **January 4, 2023 at 12:00 p.m. (Eastern Time)** (or two business days prior to the date of any adjourned Confirmation Hearing).

7. The Confirmation Hearing Notice, in substantially the form attached hereto as Exhibit B, is approved, and shall be served upon the Debtor's creditor matrix and all interest holders of record as soon as practicable after the entry of this Order.

8. The Publication Notice is hereby approved. At least twenty-eight days prior to the Confirmation Objection Deadline or as soon as reasonably practicable thereafter, the Debtor shall cause the Publication Notice to be published once in the national edition of the *USA Today*.

9. As set forth in paragraph 3 above, the record date (the "Voting Record Date") for determining which Holders of Claims and Equity Interests are entitled to vote to accept or reject

the Combined Disclosure Statement and Plan shall be **November 29, 2022**. In addition, with respect to any transferred Claim in the Voting Class, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

10. The Debtor shall cause the transmittal of a package (the "Solicitation Package") containing, among other materials, (a) the Combined Disclosure Statement and Plan and all exhibits thereto (either on CD-ROM or flash drive), (b) an appropriate Ballot, (c) the Confirmation Hearing Notice, and (d) this Order (excluding all exhibits) to the Holders of Claims in the Voting Class within three (3) business days following entry of this Order, or as soon as reasonably practicable thereafter.

11. As part of the Solicitation Package, the Debtor shall distribute to Creditors entitled to vote on the Combined Disclosure Statement and Plan a Ballot based on Official Form No. 314, modified to address the particular circumstances of this Chapter 11 Case and to include certain additional information that the Debtor believes to be relevant and appropriate for the Voting Class. The form of Ballot attached hereto as Exhibit A is hereby approved.

12. With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtor is provided with accurate addresses for such entities before the Voting Record Date, and failure to mail Solicitation Packages or any other

materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing Notice or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017. To that end, the Debtor is not required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots), and for purposes of serving the Solicitation Packages, the Debtor is authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Balloting Agent as of the Voting Record Date.

13. As set forth in paragraph 3 above, the deadline to submit Ballots to accept or reject the Combined Disclosure Statement and Plan shall be **4:00 p.m. (Eastern Time) on December 30, 2022** (the "Voting Deadline"). Ballots are to be delivered according to the instructions set forth on the applicable Ballot.

14. Ballots shall be transmitted by mail to the Holders of Claims in the Voting Class. All other Holders of Claims or Equity Interests will not be provided with a Ballot because such Holders are either (a) unimpaired and presumed to accept the Combined Disclosure Statement and Plan under Section 1126(f) of the Bankruptcy Code, or (b) impaired and deemed to reject the Combined Disclosure Statement and Plan under Section 1126(g) of the Bankruptcy Code. Such non-voting Holders will receive a copy of the Confirmation Hearing Notice.

15. As set forth in paragraph 3 above, if a Creditor seeks to challenge the allowance of its Claim for voting purposes, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "3018 Motion") no later than **4:00 p.m. (Eastern Time) on December 16, 2022** (the "3018 Motion

Deadline") and must serve the 3018 Motion on the Debtor. Also as set forth in paragraph 3 above, any objection to a 3018 Motion shall be filed no later than **4:00 p.m. (Eastern Time) on December 30, 2022** (the "3018 Objection Deadline").

16. The following Vote Tabulation Procedures are approved and shall be utilized in tabulating the Ballots:

(a) Unless otherwise provided in these Vote Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the amount of such Claim as set forth in the Debtor's Schedules if no proof of Claim has been timely Filed in respect of such Claim (except as provided in subsection (b) below); or (ii) if a proof of Claim has been timely Filed in respect of such Claim, the amount set forth in such proof of Claim (except as provided in subsection (c) below);

(b) If a Claim, for which no proof of Claim has been timely Filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Vote Tabulation Procedures;

(c) If a Claim, for which a proof of Claim has been timely Filed, has not been Disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such proof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any liquidated or undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Vote Tabulation Procedures;

(d) If the Debtor has served an objection or request for estimation as to a Claim on or before December 6, 2022 (the "Claim Objection Deadline"), such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(e) Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtor (in its sole discretion);

(f) Any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(g) Any Ballot that is returned indicating acceptance or rejection of the Combined Disclosure Statement and Plan but does not bear a signature will not be counted;

(h) Any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor will not be counted;

(i) Any Ballot received by the Balloting Agent by facsimile or other electronic communication will not be counted, provided that Ballots submitted through the E-Ballot Portal will be counted;

(j) Any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class will not be counted;

(k) Whenever a Creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-received valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior received Ballots;

(l) If a Creditor casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

(m) Each Creditor will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(n) Creditors may not split their vote within the Voting Class; thus, each Creditor will be required to vote all of its Claims within the Voting Class either to accept or reject the Combined Disclosure Statement and Plan;

(o) Ballots partially rejecting and partially accepting the Combined Disclosure Statement and Plan will not be counted;

(p) The method of delivery of Ballots to the Balloting Agent is at the risk of each Creditor, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent;

(q) The Debtor expressly reserves the right to amend the terms of the Combined Disclosure Statement and Plan (subject to compliance with Section 1127 of the Bankruptcy Code). If the Debtor makes material changes to the terms of the Combined Disclosure Statement and Plan, the Debtor will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court;

(r) If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Creditor, such person will be required to indicate such capacity when signing and, at the Debtor's or Balloting Agent's request, must submit proper evidence satisfactory to the Debtor and/or Balloting Agent to so act on behalf of the Creditor;

(s) Any Creditor who has delivered a valid Ballot voting on the Combined Disclosure Statement and Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(t) Subject to any contrary order of the Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot;

(u) Unless waived by the Debtor or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as Debtor or the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

(v) Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

17. To assist in the solicitation process, this Court grants the Balloting Agent the authority to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtor nor the Balloting Agent is required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to

10

provide such notification. This Court also authorizes the Debtor and/or the Balloting Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding.

18. Furthermore, the Balloting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon the Balloting Agent is authorized to destroy and/or otherwise dispose of: (i) all paper copies of Ballots; (ii) printed solicitation materials including unused copies of the Solicitation Package; and (iii) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtor or the Clerk of the Court in writing within such one (1) year period.

19. The Solicitation Procedures are hereby approved.

20. In accordance with Bankruptcy Rule 2002, the Debtor shall serve the Confirmation Hearing Notice by regular U.S. mail on all parties in interest. Other than the holders of Claims in the Voting Class as of the Voting Record Date, all other interested parties shall only receive a copy of the Confirmation Hearing Notice and shall not receive copies of the Combined Disclosure Statement and Plan and/or this Order unless such parties request such documents in accordance with the procedures set forth in the Confirmation Hearing Notice.

21. The Debtor is authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. This Order is effective immediately upon entry.

25. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 29th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**