**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br>Re: Docket No. 366 & 367 |

**NOTICE OF (I) ESTABLISHMENT OF SOLICITATION AND VOTING PROCEDURES AND (II) FINAL HEARING ON APPROVAL AND CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On November 29, 2022, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 367] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan" or the "Plan").[2]

2. Pursuant to an order, dated November 29, 2022 [Docket No. 366] ("Conditional Approval and Procedures Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes only.

3. A hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, in Courtroom 1 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, on **January 5, 2023 at 10:00 a.m. (Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court.

4. All objections and responses to confirmation of the Plan or the final approval of the adequacy of the Combined Disclosure Statement and Plan must: (1) be in writing; (2) comply with the Bankruptcy Rules and the Local Rules; (3) state the name and address of the objecting party and the amount and nature of the claim or equity interest owned by

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (*f/k/a* GenapSys, Inc.) (3904). The Debtor's service address in this chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

such entity or person; (4) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (5) be filed, together with proof of service, with the Court no later than **4:00 p.m. (Eastern Time) on December 30, 2022** (the "Objection Deadline") and be served upon the following notice parties: (i) counsel to the Debtor, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com), Michael J. Merchant, Esq. (merchant@rlf.com), and David T. Queroli, Esq. (queroli@rlf.com)); and (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov)).

5. Pursuant to the Conditional Approval and Procedures Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Combined Disclosure Statement and Plan and certain procedures for the tabulation of votes to accept or reject the Combined Disclosure Statement and Plan. If you are a holder of a Claim against the Debtor as of **November 29, 2022** and are entitled to vote, you have received with this notice a ballot form (a "Ballot") and instructions for completing the Ballot.

6. For a vote to accept or reject the Combined Disclosure Statement and Plan to be counted, the holder of a Ballot must complete all required information on the Ballot, execute the Ballot and return the completed Ballot in accordance with the instructions so that it is received by **4:00 p.m. (Eastern Time) on December 30, 2022** (the "Voting Deadline"). Failure to follow the instructions included with the Ballot, or to return a properly completed Ballot so that it is received by the Voting Deadline, may disqualify such Ballot and vote on the Combined Disclosure Statement and Plan. **You may also be eligible to submit a Ballot electronically through the online E-Ballot Portal. If you wish to do so, please visit the following web address and follow the instructions on that web address:** *https://cases.ra.kroll.com/genapsys/*. The rules and procedures for the tabulation of the votes are outlined in the Conditional Approval and Procedures Order.

7. If a holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes under the Vote Tabulation Procedures (as defined in the Conditional Approval and Procedures Order), such person or entity must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtor so that it is received no later than **4:00 p.m. (Eastern Time) on December 16, 2022**. The Debtor, or any other party in interest, shall have until 4:00 p.m. (Eastern Time) on December 30, 2022 to file and serve any responses to such motions. Unless the Court orders otherwise, such Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Vote Tabulation Procedures.

8. **Article XIV.C of the Combined Disclosure Statement and Plan provides that, effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties[3] shall be deemed to,**

---

[3] As set forth in Article II.A.140. of the Combined Disclosure Statement and Plan, "Releasing Parties" means the following Entities, each in their respective capacities as such: (a) Oxford; (b) each Holder of a Claim that (x) votes to accept the Combined Disclosure Statement and Plan or (y) either (I) abstains from voting or (II) votes

**completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties[4] from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, for any act or omission (i) that took place prior to, on or after the Petition Date relating to and/or in connection with the Debtor, and/or (ii) in connection with, relating to, or arising out of the Chapter 11 Case, including, but not limited to, the Sale and the Asset Purchase Agreement, the negotiation and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Case, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan; *provided*, *however*, that the foregoing provisions shall not operate to waive or release any Causes of Action resulting from any act or omission constituting actual fraud, willful misconduct, or gross negligence of such applicable Released Party as determined by a Final Order; *provided further, however*, that notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan, the provisions of Article XIV.C of the Combined Disclosure Statement and Plan shall not apply with respect to any unimpaired Claim until such unimpaired Claim has been paid in full in the Allowed amount of such Claim determined in accordance with applicable law, or on terms agreed to between the holder of such Claim and the Plan Administrator or the Post-Effective Date Debtor, at which time Article XIV.C of the Combined Disclosure Statement and Plan shall apply in all respects as to the applicable unimpaired Claim; *provided*, *further however*, that for the avoidance of doubt, nothing contained in Article XIV.C of the Combined Disclosure Statement and Plan shall result in the Released Parties releasing any Claims or Causes of Action against any Excluded Parties. Article XIV.C of the Combined Disclosure Statement and Plan further provides that, for the avoidance of doubt, (i) neither the Debtor nor Sequencing Health is releasing any claims either has or may have pursuant to the Asset Purchase Agreement and/or the TSA, and (ii) nothing in the Combined Disclosure Statement and Plan shall**

---

to reject the Combined Disclosure Statement and Plan and, in the case of either (I) or (II), does not opt out of the voluntary release contained in Article XIV.C of the Combined Disclosure Statement and Plan by checking the opt out box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) each Holder of a Claim that is deemed to accept the Combined Disclosure Statement and Plan or otherwise unimpaired under the Combined Disclosure Statement and Plan and who does not affirmatively elect to "opt out" of being a Releasing Party by timely objecting to the Combined Disclosure Statement and Plan's third-party release provisions; and (d) the Related Parties of the foregoing but only to the extent such Related Party would be obligated to release under principles of agency if it were so directed by the applicable Person or Entity in clauses (a) through (d). For the avoidance of doubt, nothing contained in this definition shall result in the Released Parties releasing any Claims or Causes of Action against any Excluded Parties.

[4]  As set forth in Article II.A.139. of the Combined Disclosure Statement and Plan, "<u>Released Parties</u>" means the following Entities, each in their capacity as such: (a) the Debtor; (b) the Debtor's officers and directors as of the Petition Date, (c) Peter Swider, (d) Oxford; (e) the members of the Special Committee: Mr. Robert Zollars, Mr. Fredrik Eliasson, and Ms. Loretta Cecil and (f) the Related Parties of the foregoing; provided, however, that Released Parties shall not include any Excluded Parties.

3

result in the release of any claims that either Oxford or Sequencing Health has or may have against the other, including claims under the Oxford Loan Modification Agreement.

> **IF YOU ARE ENTITLED TO VOTE ON THE COMBINED DISCLOSURE STATEMENT AND PLAN, YOU MAY BE ABLE TO OPT-OUT OF SUCH RELEASES BY FOLLOWING THE INSTRUCTIONS ON YOUR BALLOT. PLEASE REVIEW YOUR BALLOT CAREFULLY.**

> **PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE XIV.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN UNLESS YOU FILE AND SERVE AN OBJECTION TO SUCH RELEASES BY THE OBJECTION DEADLINE IN ACCORDANCE WITH PARAGRAPH 4 HEREOF.**

9. Pursuant to Article XIII of the Combined Disclosure Statement and Plan, on the Effective Date, all Executory Contracts not assumed before the Effective Date, or subject to a pending motion to assume as of the Effective Date, will be deemed rejected, and the Order confirming the Combined Disclosure Statement and Plan shall constitute an Order approving such rejection as of the Effective Date.

10. For more information about the Solicitation Procedures, please contact Kroll Restructuring Administration LLC (the "<u>Balloting Agent</u>") via email at genapsysinfo@ra.kroll.com or via telephone at (844)-721-3906 (U.S., toll-free) or (347)-817-4106 (International). To obtain a copy of the Combined Disclosure Statement and Plan or any related documents, free of charge, please contact the Balloting Agent or visit the Debtor's case website: *https://cases.ra.kroll.com/genapsys/*. **Please note that the Balloting Agent is not permitted to give legal advice**.

Dated: November 29, 2022
      Wilmington, Delaware    **RICHARDS, LAYTON & FINGER, P.A.**

*/s/ David T. Queroli*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
James F. McCauley (No. 6991)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com
mccauley@rlf.com

*Counsel to the Debtor and Debtor-in-Possession*