## Exhibit B

**Moss Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Redwood Liquidating Co.[1] | Case No. 22-10621 (BLS) |
| Debtor. | |

### DECLARATION OF DANA MOSS IN SUPPORT OF FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE DEBTOR TO CERTAIN (I) EQUITY INTEREST CLAIMS, (II) AMENDED AND SUPERSEDED CLAIMS, AND (III) DUPLICATE CLAIMS

I, Dana Moss, make this declaration under 28 U.S.C. § 1746:

1.  I am the former General Counsel and Secretary of Redwood Liquidating Co., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), and a consultant to the Debtor.

2.  I held my position with the Debtor from May 2021 through the Closing Date. Since the Closing Date, I have been assisting the Debtor and its Chief Wind-Down Officer in connection with the Chapter 11 Case. Prior to joining the Debtor, I was a Partner at Cooley LLP, where I focused my practice on commercial litigation, including bankruptcy litigation, for over 10 years. Prior to that, I served as an officer in the United States Air Force and conducted criminal and counterintelligence investigations. I hold a Juris Doctorate from the University of Maryland Francis King Carey School of Law, a Master of Arts degree from the University of Texas at Austin, and a Bachelor of Science degree from the United States Air Force Academy.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

RLF1 28269049v.3

3. As a result of my tenure with the Debtor, I am familiar with the day-to-day operations and business and financial affairs of the Debtor. All facts set forth in this declaration (the "Declaration") are based on my personal knowledge, my communications with other members of the Debtor's senior management and the Debtor's advisors, my review of relevant documents, including each of the Disputed Claims, or my opinion, based on my overall professional experience, in light of my personal knowledge of the Debtor's operations, business affairs, and financial condition. If called as a witness, I could and would competently testify to the matters set forth herein based on the foregoing.

4. I submit this Declaration in support of the *First Omnibus Objection (Non-Substantive) of the Debtor to Certain (I) Equity Interest Claims, (II) Amended and Superseded Claims, and (III) Duplicate Claims* (the "Objection").[2]

5. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtor. I am not being specifically compensated for this testimony.

**I.      Equity Interest Claims**

6. The Equity Interest Claims listed on Schedule 1A and 1B attached to the Proposed Order are Claims that were filed by shareholders of the Debtor based, in whole or in part, on the asserted ownership of equity securities in the Debtor.

**A) Schedule 1A Equity Interest Claims**

7. Each of the Schedule 1A Equity Interest Claims listed on Schedule 1A to the Proposed Order asserts amounts based on ownership of an equity interest in the Debtor. Accordingly, I understand that such asserted Schedule 1A Equity Interest Claims are not "claims" under section 101(5) of the Bankruptcy Code. The elimination of the Schedule 1A Equity Interest Claims will

---

[2] Capitalize terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

enable the Debtor to maintain a more accurate claims register that reflects the valid claims that have been asserted against the Debtor's estate and will prevent improper recoveries to the detriment of the Debtor's creditors. As such, I believe the disallowance and expungement of the Schedule 1A Equity Interest Claims on the terms set forth in the Objection is appropriate.

### B) Schedule 1B Equity Interest Claims

8. Each of the Schedule 1B Equity Interest Claims listed on Schedule 1B to the Proposed Order either asserts claims in a partially liquidated, or a fully unliquidated, amount based on the ownership of an equity interest in the Debtor and certain other additional claims. The face of each of the Schedule 1B Equity Interest Claims other than Claim Number 80 reflects a partially liquidated claim and the addendum to each of the Schedule 1B Equity Interest Claims includes reference to a liquidated value for the equity interest in excess of the partially liquidated amount reflected on the face of the claim, with the other claims referenced in the addendum reflected in contingent and/or unliquidated amounts.[3]

9. For the reasons set forth above, the Schedule 1B Equity Interest Claims should be disallowed and expunged to the extent they are based on the ownership of equity interests in the Debtor. The elimination of the Schedule 1B Equity Interest Claims to the extent they are based on equity interests will enable the Debtor to maintain a claims register that more accurately reflects the valid claims that have been asserted against the Debtor's estate and prevent improper recoveries to the detriment of the Debtor's creditors. As a result of the split nature of the interests and claims asserted in the Schedule 1B Equity Interest Claims, after the disallowance and expungement of the equity portions thereof, the Schedule 1B Equity Interest Claims shall remain on the Debtor's

---

[3] Claim Number 80 also asserts a claim based on the ownership of an equity interest in the Debtor and certain other additional claims. However, unlike the other Schedule 1B Equity Interest Claims, Claim Number 80 does not include any liquidated component and asserts only unliquidated amounts

claims register for the balance of the claims asserted in the applicable addendum, in unliquidated and/or contingent amounts as set forth therein, and as set forth on Schedule 1B to the Proposed Order, subject to the Debtor's further objection on any substantive or non-substantive grounds, including, without limitation, the Second Omnibus Objection.

**II.     Amended and Superseded Claims**

10.     The Amended and Superseded Claims listed on Schedule 2 attached to the Proposed Order are Claims that have been amended and/or superseded by a later-filed claim, filed by the same claimant for the same liability, and therefore no longer represent a valid claim against the Debtor's estate.  The elimination of the Amended and Superseded Claims will streamline the claims reconciliation process and enable the Debtor to maintain a more accurate claims register and avoid paying twice on the same obligation.  As such, I believe the disallowance and expungement of the Amended and Superseded Claims on the terms set forth in the Objection is appropriate.

**III.    Duplicate Claims**

11.     The Duplicate Claims listed on Schedule 3 attached to the Proposed Order are Claims that are substantially identical to another claim filed by, or on behalf of, the same claimant and assert the same liability against the Debtor.  The elimination of these duplicative claims will enable the Debtor to maintain a claims register that more accurately reflects the claims that have been asserted against the Debtor's estate and avoid paying twice on the same obligation.  As such, I believe the disallowance and expungement of the Duplicate Claims on the terms set forth in the Objection is appropriate.

12.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 6, 2022             */s/ Dana Moss*
        Arlington, Virginia          Dana Moss