# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co.[1]<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS)<br><br><u>Rule 3018 Motion Deadline</u>: December 16, 2022 at 4:00 p.m. (ET)<br><u>Objection Deadline</u>: December 20, 2022 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: January 5, 2023 at 10:00 a.m. (ET) |

**SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE DEBTOR TO CERTAIN
(I) MISCLASSIFIED CLAIMS AND (II) NO LIABILITY CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBITS AND SCHEDULES ATTACHED TO THIS OBJECTION.**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") hereby files this objection (the "<u>Objection</u>") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") (i) reclassifying and subordinating the misclassified claims identified on <u>Schedule 1</u> attached to the Proposed Order (the "<u>Misclassified Claims</u>"), and (ii) disallowing and expunging the no liability claims identified on <u>Schedule 2</u> attached to the Proposed Order (the "<u>No Liability Claims</u>,"

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

and together with the Misclassified Claims, the "Disputed Claims").[2]  In support of this Objection, the Debtor submits the *Declaration of Dana Moss in Support of the Second Omnibus Objection (Substantive) of the Debtor to Certain (I) Misclassified Claims, and (II) No Liability Claims*, attached hereto as Exhibit B (the "Moss Declaration") and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

**BACKGROUND**

3. On July 11, 2022 (the "Petition Date"), the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Case.  Additional information regarding the Debtor's business, its capital structure,

---

[2] Certain of the Disputed Claims are also subject to the *First Omnibus Objection (Non-Substantive) of the Debtor to Certain (I) Equity Interest Claims, (II) Amended and Superseded Claims, and (III) Duplicate Claims*, filed contemporaneously herewith.

and the circumstances leading to the filing of the Chapter 11 Case is set forth in the *Declaration of Britton Russell in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 11], filed on the Petition Date.

4. On September 12, 2022, the Court entered the *Order (I) Approving the Asset Purchase Agreement Between Seller and Buyer, (II) Authorizing the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 243] approving, among other things, the sale (the "Sale") of substantially all of the Debtor's assets to Sequencing Health, Inc. The Sale closed on September 14, 2022 (the "Closing Date"). See Docket No. 248.

5. On November 29, 2022, the Debtor filed the solicitation version of the *Debtor's Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 367] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan").

6. On November 29, 2022, the Court entered an order [Docket No. 366] (the "Conditional Approval and Procedures Order") approving the Combined Disclosure Statement and Plan for solicitation purposes only. Pursuant to the Conditional Approval and Procedures Order:

> If a Claim . . . is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such proof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules . . .
>
> If the Debtor has served an objection or request for estimation as to a Claim on or before December 9, 2022 . . . *such Claim is temporarily disallowed for voting purposes* only and not for purposes of distribution, *except to the extent and manner set forth in such objection* . . .

Conditional Approval and Procedures Order ¶ 16 (emphasis added).

3

7. By the Combined Disclosure Statement and Plan, the Debtor seeks to implement a value maximizing process to efficiently administer its remaining assets and winddown its estate, for the benefit of its creditors and all stakeholders. A hearing to consider final approval and confirmation of the Combined Disclosure Statement and Plan is currently scheduled for January 5, 2023 at 10:00 a.m. (prevailing Eastern Time).

## CLAIMS PROCESS

8. On August 30, 2022, the Debtor filed sealed and redacted versions of its schedules of assets and liabilities and statement of financial affairs. See Docket Nos. 217-220.

9. On September 29, 2022, the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 288] (the "Bar Date Order").

10. Upon the filing and service of the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code* [Docket No. 289] (the "Bar Date Notice"), the Bar Date Order established: (a) November 3, 2022 at 5:00 p.m. (prevailing Eastern Time) as the deadline by which all entities holding claims, whether secured, unsecured priority (including claims under section 503(b)(9) of the Bankruptcy Code), or unsecured nonpriority, against the Debtor that arose prior to the Petition Date must file proofs of claim (the "General Bar Date"), and (b) January 9, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline by which all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose before the Petition Date must file proofs of claim (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates").

11. In accordance with the Bar Date Order, Kroll Restructuring Administration LLC ("Kroll"), the Debtor's court-appointed claims and noticing agent, mailed the Bar Date Notice and a proof of claim form to, among others, all of the Debtor's creditors and other known parties in interest as of the Petition Date. See Docket No. 302, 303. Notice of the Bar Dates was also published once in the national edition of the *USA Today*. See Docket No. 298.

12. As of the date of this Objection, more than 100 proofs of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") have been filed in the Chapter 11 Case. The Debtor, with the assistance of its advisors, is actively reviewing and reconciling the Proofs of Claim. The ongoing claims reconciliation process involves the collective effort of certain of the Debtor's remaining officer and consultants, counsel to the Debtor, Richards, Layton & Finger, P.A., and the Debtor's investment banker, Lazard Frères & Co. LLC.

## RELIEF REQUESTED

13. By this Objection, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, (i) reclassifying and subordinating the Misclassified Claims, and (ii) disallowing and expunging the No Liability Claims.

## RELIEF REQUESTED SHOULD BE GRANTED

14. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); see also In re F-Squared Investment Management, LLC, 546 B.R. 538, 542 n. 21 (Bankr. D. Del. 2016) (noting that Allegheny provides the standards for reviewing claims objections) (citing In re Nortel Networks, Inc., 469 B.R. 478, 497 (Bankr. D. Del. 2012)). Where

the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. Allegheny, 954 F.2d at 173.  A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity.  Id. at 173-74.  Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  Id. at 174; see also F-Squared, 546 B.R. at 544 ("If an objector meets its burden of production, then the claimant must satisfy its ultimate burden of persuasion.").

**A.     Misclassified Claims**

15.    As set forth in the Moss Declaration, based upon a review and analysis of the Misclassified Claims listed on Schedule 1 to the Proposed Order and the Debtor's books and records, the Debtor has determined that each Misclassified Claim asserts a claim for damages, or related reimbursement or contribution, from the purchase or sale of equity securities of the Debtor as a Class 3 General Unsecured Claim.  Section 510(b) of the Bankruptcy Code provides that:

> [A] claim . . . for damages arising from the purchase or sale of [a security of the debtor or an affiliate of the debtor], or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b).  Subordination of a claim for damages (or related reimbursement or contribution) arising from the purchase or sale of securities is mandatory.  See In re Int'l Wireless Commc'ns Holdings, Inc., 279 B.R. 463, 470 (D. Del. 2002) aff'd, 68 F. App'x 275 (3d Cir. 2003) (affirming ruling that claims for damages arising from the purchase or sale of securities are "subject to mandatory subordination under Section 510(b)").  Section 510(b) of the Bankruptcy Code "prevent[s] disappointed shareholders from recovering their investment losses by using . . .

6

securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding." In re Telegroup, Inc., 281 F.3d 133, 141 (3d Cir. 2002).

16. In this way, section 510(b) furthers a fundamental principal of bankruptcy law—the absolute priority rule—by ensuring "that creditors stand ahead of the investors on the receiving line." In re Kaiser Grp. Int'l, Inc., No. 00-2263 (MFW), 2001 WL 34368405, at *4 (D. Del. Nov. 29, 2001) (internal quotations omitted); see also In re Int'l Wireless Commc'ns Holdings, Inc., 68 F. App'x 275, 278 (3d Cir. 2003) ("Just as shareholders accept gladly the upside potential of increases in their shares' value (whatever the reason), they should also assume the risk of decline in value for whatever reason, including . . . having their claims subordinated—shorthand for the result that, because they purchased stock, they are at the end of the line in bankruptcy distribution priority."). Accordingly, the relevant inquiry becomes whether "the claim would not exist but for claimants' purchase of debtor's stock." Telegroup, 281 F.3d at 143 (emphasis added).

17. As set forth in the Moss Declaration, each Misclassified Claim identified on Schedule 1 to the Proposed Order asserts a claim arising from the purchase of equity securities of the Debtor. On June 17, 2019, the Debtor and Foresite Capital Fund IV, L.P. (together with its affiliates, "Foresite") entered into that certain Series C Preferred Stock Purchase Agreement (the "Series C Purchase Agreement") pursuant to which, among other things, Foresite agreed to purchase Series C Preferred Equity Interests issued by the Debtor.

18. On June 15, 2020, Foresite filed a complaint in Santa Clara County Superior Court asserting claims arising out of and related to the Series C Purchase Agreement (the "California Action"). On March 18, 2022, Foresite amended its complaint in the California Action (the "Amended Complaint"). The Amended Complaint alleges, among other things, that the Debtor and its founder, Hesaam Esfandyarpour: (i) made certain false or misleading representations to

7

induce Foresite to enter into the Series C Purchase Agreement, (ii) violated certain California Securities laws by making such alleged false or misleading misrepresentations, and (iii) breached the Series C Purchase Agreement and related investor agreements by, among other things, failing to provide Foresite with certain information about the Debtor.  On September 10, 2020, the Debtor filed a cross-complaint in the California Action and amended the cross-complaint on February 16, 2021 for claims arising out of the California Action.

19.     Each of the Misclassified Claims asserts amounts based on, or arising out of, the Amended Complaint and/or Foresite's purchase of Series C Preferred Stock.  Thus, such claims fall squarely within the scope of section 510(b), which mandates that such claims be subordinated in their entirety to the claims of the Debtor's unsecured creditors and holders of Series D Preferred Equity Interests.  Failure to reclassify and subordinate the Misclassified Claims as Class 5b Series C 510(b) Claims would result in the relevant claimants receiving an unwarranted recovery against the Debtor, thwarting the absolute priority rule and permitting them to get a recovery that shareholders are not entitled to under the Combined Disclosure Statement and Plan.  Accordingly, the Debtor respectfully requests entry of the Proposed Order reclassifying and subordinating the Misclassified Claims set forth on Schedule 1 to the Proposed Order under section 510(b) of the Bankruptcy Code. The Debtor reserves its right to object to the Misclassified Claims, as reclassified, on any and all grounds.

**B.   No Liability Claims**

20.     Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Based on a review of the proofs of claim, Debtor's books and records, and for the reasons described in Schedule 2 to the Proposed

Order, and as set forth in the Moss Declaration, the Debtor has determined that there is no basis under any agreement or applicable law for holding the Debtor liable for any of the No Liability Claims listed on <u>Schedule 2</u> to the Proposed Order.  Failure to disallow and expunge the No Liability Claims will result in creditors receiving improper recoveries on account of the No Liability Claims to the detriment of other similarly situated creditors.  Accordingly, the Debtor: (i) objects to the allowance of the No Liability Claims set forth on <u>Schedule 2</u> attached to the Proposed Order, and (ii) seeks entry of the Proposed Order disallowing and expunging the No Liability Claims.

## **RESPONSES TO THIS OBJECTION**

21. To contest the determinations made as to the Disputed Claims included in this Objection, a claimant must file with the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, a written response to this Objection (a "<u>Response</u>") no later than **December 20, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Response Deadline</u>") and serve the Response upon counsel to the Debtor, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Michael J. Merchant, and David T. Queroli).

22. Each Response to this Objection must, at a minimum, contain the following information:

    a. a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the Objection to which the Response is directed;

    b. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    c. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

      d.      all documentation and other evidence in support of the claim not previously filed with the court or Kroll, upon which the claimant will rely in opposing this Objection; and

      e.      the name, address, telephone number, fax number and/or email address of the person(s) which may be the claimant or the claimant's legal representative with whom counsel for the Debtor should communicate with respect to the claim subject to the Objection or the Response and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

23.     If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtor may present to the Court an appropriate order reclassifying and subordinating or disallowing and expunging, as applicable, the Disputed Claims, and sustaining this Objection without further notice to the claimant or a hearing.

24.     The Debtor may file and serve a reply to any Response in accordance with the Local Rules. The Debtor reserves the right to seek an adjournment of the hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## **RULE 3018 MOTIONS**

25.     Pursuant to the Combined Disclosure Statement and Plan, each holder of a Class 3 General Unsecured Claim is entitled to vote to accept or reject the Combined Disclosure Statement and Plan. Combined Disclosure Statement and Plan Art. VII.A.2.b. However, as a result of filing this Objection, pursuant to the Conditional Approval and Procedures Order, each holder of a Disputed Claim that is subject to this Objection is not entitled to vote to accept or reject the Combined Disclosure Statement and Plan on account of such claim. Id. ¶16(d). If any claimant that is the holder of a Disputed Claim wishes to challenge the allowance of its claim for voting purposes, such claimant must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") by no later

than **4:00 p.m. (prevailing Eastern Time) on December 16, 2022** (the "Rule 3018 Motion Deadline") and must serve the Rule 3018 Motion on the Debtor.  The obligation to file a Rule 3018 Motion by the Rule 3018 Motion Deadline is in addition to any obligation to file a Response by the Response Deadline set forth in this Objection.

### SEPARATE CONTESTED MATTERS

26. To the extent a Response is filed regarding any Disputed Claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to such Claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim subject thereto.

### RESERVATION OF RIGHTS

27. The Debtor reserves the right to amend, modify, and/or supplement this Objection, and to object further to each of the Disputed Claims on any and all additional factual and legal grounds.  Nothing in this Objection and/or the exhibits hereto shall be construed as an admission of the amount, priority, and/or status of any claim.

### COMPLIANCE WITH LOCAL RULE 3007-1

28. To the Best of the Debtor's knowledge and belief, this Objection complies with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### NOTICE

29. Notice of this Objection has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the

District of Delaware; (iii) the Internal Revenue Service; (iv) the United States Securities and Exchange Commission; (v) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; (vi) each of the claimants whose Claims are Disputed Claims subject to this Objection , and (vii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that no further notice of this Motion need be provided.

### NO PREVIOUS REQUEST

30.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: December 6, 2022
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ James F. McCauley*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
James F. McCauley (No. 6991)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
defranceschi@rlf.com
merchant@rlf.com
queroli@rlf.com
noble@rlf.com
mccauley@rlf.com

*Counsel to the Debtor and Debtor-in-Possession*