**<u>Exhibit A</u>**

**Proposed Order**

RLF1 28286928v.6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Redwood Liquidating Co.[1] | Case No. 22-10621 (BLS) |
| Debtor. | **Re: Docket No. __** |

**ORDER SUSTAINING SECOND OMNIBUS OBJECTION (SUBSTANTIVE)**
**OF THE DEBTOR TO CERTAIN (I) MISCLASSIFIED**
**CLAIMS AND (II) NO LIABILITY CLAIMS**

Upon consideration of the omnibus objection (the "Objection")[2] of the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order (this "Order"), pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, (i) subordinating and reclassifying the Misclassified Claims, and (ii) disallowing and expunging the No Liability Claims; all as more fully described in the Objection; and the Court having determined that the Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Objection and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court

---

[1]    The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904).  The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

having reviewed the Objection and the Moss Declaration and having heard the statements in support of the relief requested therein at a hearing, if any (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection, the Moss Declaration, and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Objection is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT:

1.      The Objection is granted as set forth herein.

2.      Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

3.      Each proof of claim listed under the heading "Misclassified Claims" on **Schedule 1** annexed hereto is hereby reclassified and subordinated as set forth on **Schedule 1** under the column "Modified Claim Classification Status".   The Misclassified Claims, as reclassified, shall remain on the claims register, subject to the Debtor's further objections on any and all grounds.

4.      Each proof of claim listed under the heading "No Liability Claims" on **Schedule 2** annexed hereto is hereby disallowed and expunged.

5.      The objection by the Debtor to the Disputed Claims, as addressed in the Objection and the schedules hereto, constitutes a separate contested matter with respect to each such proof of claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each Disputed Claim.

6.      Any stay of this Order pending appeal by any holder of a Disputed Claim or any other party with an interest in such Claims that are subject to this Order shall only apply to

the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

7.      The rights of the Debtor, or any other party in interest, as applicable to (a) file subsequent objections to any Disputed Claims on any ground, (b) amend, modify, and/or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed claims, (c) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid, and (d) settle any claim for less than the asserted amount are preserved.

8.      The Debtor and Kroll are authorized to modify the claims register to comport with the entry of this Order.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief  granted in this Order in accordance with the Objection.

10.      This Court retains jurisdiction with respect to all matters arising from or related to  the implementation, interpretation, and enforcement of this Order.

RLF1 28286928V.6

## Schedule 1

**Misclassified Claims**

Schedule 1
Misclassified Claims

**Second Omnibus Objection (Substantive) to Claims**                                                                                        Redwood Liquidating Co.
*(S) - Secured; (A) - Administrative; (B) - 503(b)(9); (P) - Priority; (U) - Unsecured; (T) - Total Claimed*                                 Case No. 22-10621
Claims are listed alphabetically. *Includes unliquidated, contingent and/or disputed amounts.

| | | | | | Claims to be Reclassified | | |
|---|---|---|---|---|---|---|---|
| Seq. No. | Creditor Name | Claim No. | Claim Class | Asserted Claim Amount | Claim Classification Status | Modified Claim Classification Status | Reason for Reclassification |
| 1 | **Foresite Capital Fund IV, L.P.** Date filed: 11/03/2022 | 92 | (S) | $    - | | | Claim No. 92 is filed as a Class 3 General Unsecured Claim on account of damages arising from the purchase or sale of securities and should therefore be subordinated and reclassified as a Class 5b Series C 510(b) Claim pursuant to section 510(b) of the Bankruptcy Code for the reasons set forth in the Objection and the Moss Declaration. |
| | | | (A) | - | | | |
| | | | (B) | - | | | |
| | | | (P) | - | | | |
| | | | (U) | $50,000,000.00* | | | |
| | | | (T) | $50,000,000.00* | **Class 3 General Unsecured Claim** | **Class 5b Series C 510(b) Claim** | |
| 2 | **Foresite Capital Management LLC** Date filed: 11/03/2022 | 97 | (S) | $    - | | | Claim No. 97 is filed as a Class 3 General Unsecured Claim on account of damages arising from the purchase or sale of securities and should therefore be subordinated and reclassified as a Class 5b Series C 510(b) Claim pursuant to section 510(b) of the Bankruptcy Code for the reasons set forth in the Objection and the Moss Declaration. |
| | | | (A) | - | | | |
| | | | (B) | - | | | |
| | | | (P) | - | | | |
| | | | (U) | $10,000,000.00* | | | |
| | | | (T) | $10,000,000.00* | **Class 3 General Unsecured Claim** | **Class 5b Series C 510(b) Claim** | |
| 3 | **Tananbaum, James** Date filed: 11/03/2022 | 101 | (S) | $    - | | | Claim No. 101 is filed as a Class 3 General Unsecured Claim on account of damages arising from the purchase or sale of securities and should therefore be subordinated and reclassified as a Class 5b Series C 510(b) Claim pursuant to section 510(b) of the Bankruptcy Code for the reasons set forth in the Objection and the Moss Declaration. |
| | | | (A) | - | | | |
| | | | (B) | - | | | |
| | | | (P) | - | | | |
| | | | (U) | $10,000,000.00* | | | |
| | | | (T) | $10,000,000.00* | **Class 3 General Unsecured Claim** | **Class 5b Series C 510(b) Claim** | |

**Schedule 2**

**No Liability Claims**

Schedule 2
No Liability Claims

**Second Omnibus Objection (Substantive) to Claims**                                                                                                                                  Redwood Liquidating Co.
*(S) - Secured; (A) - Administrative; (B) - 503(b)(9); (P) - Priority; (U) - Unsecured; (T) - Total Claimed*                                                                           Case No. 22-10621
*Claims are listed alphabetically. *Includes unliquidated, contingent and/or disputed amounts.*

| | No Liability Claims to be Disallowed | | | | |
|---|---|---|---|---|---|
| Seq. No. | Creditor Name | Claim No. | Claim Class | Asserted Claim Amount | Reason for Disallowance |
| 1 | **Baker & McKenzie LLP**<br>Date filed: 10/07/2022 | 28 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$453,481.83<br>$ 453,481.83 | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 28. |
| 2 | **Darius HE Trust or the Goldman Sachs Trust Company of Delaware as the Trustee of the Darius HE Trust**<br>Date filed: 11/03/2022 | 102 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$10,000,000.00*<br>$10,000,000.00* | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 102. |
| 3 | **Esfandyarpour, Ph.D., Hesaam**<br>Date filed: 11/03/2022 | 82 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>$15,150.00<br>$312,600.00*<br>$327,750.00* | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 82. |
| 4 | **Esfandyarpour, Ph.D., Hesaam**<br>Date filed: 11/03/2022 | 85 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$10,000,000.00*<br>$10,000,000.00* | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 85. |
| 5 | **Esfandyarpour, Ph.D., Hesaam**<br>Date filed: 11/03/2022 | 87 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$136,077.72*<br>$136,077.72* | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 87. |
| 6 | **Esfandyarpour, Ph.D., Majid**<br>Date filed: 11/03/2022 | 103 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$877,500.00*<br>$877,500.00* | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 103. |

**Schedule 2**
**No Liability Claims**

Second Omnibus Objection (Substantive) to Claims

*(S) - Secured; (A) - Administrative; (B) - 503(b)(9); (P) - Priority; (U) - Unsecured; (T) - Total Claimed*
*Claims are listed alphabetically. *Includes unliquidated, contingent and/or disputed amounts.*

Redwood Liquidating Co.
Case No. 22-10621

| | No Liability Claims to be Disallowed | | | | |
|---|---|---|---|---|---|
| **Seq. No.** | **Creditor Name** | **Claim No.** | **Claim Class** | **Asserted Claim Amount** | **Reason for Disallowance** |
| 7 | **Esfandyarpour, Ph.D., Rahim**<br>Date filed: 11/03/2022 | 106 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$877,500.00*<br>**$877,500.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 106. |
| 8 | **Esfandyarpour, Ph.D., Vahid**<br>Date filed: 11/03/2022 | 104 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$877,500.00*<br>**$877,500.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 104. |
| 9 | **Parizi, Ph.D., Kosar**<br>Date filed: 11/03/2022 | 83 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>$15,150.00<br>$298,650.00*<br>**$313,800.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 83. |
| 10 | **Parizi, Ph.D., Kosar**<br>Date filed: 11/03/2022 | 90 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$10,000,000.00*<br>**$10,000,000.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 90. |
| 11 | **Hamid, Ph.D., Rategh**<br>Date filed: 10/20/2022 | 44 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>$28,187.28<br>$337,709.60<br>**$365,896.88** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 44. |
| 12 | **The Anahita KP Trust or The Goldman Sachs Trust Company of Delaware as Trustee of the Anahita KP Trust**<br>Date filed: 11/03/2022 | 98 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $ -<br>-<br>-<br>-<br>$10,000,000.00*<br>**$10,000,000.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 98. |

**Schedule 2**
**No Liability Claims**

**Second Omnibus Objection (Substantive) to Claims**

*(S) - Secured; (A) - Administrative; (B) - 503(b)(9); (P) - Priority; (U) - Unsecured; (T) - Total Claimed*

*Claims are listed alphabetically. *Includes unliquidated, contingent and/or disputed amounts.*

Redwood Liquidating Co.
Case No. 22-10621

| | | | | | |
|---|---|---|---|---|---|
| **No Liability Claims to be Disallowed** | | | | | |
| **Seq. No.** | **Creditor Name** | **Claim No.** | **Claim Class** | **Asserted Claim Amount** | **Reason for Disallowance** |
| 13 | **The Cyrus the Great Trust**<br>Date filed: 11/03/2022 | 96 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $           -<br>-<br>-<br>-<br>$10,000,000.00*<br>**$10,000,000.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 96. |
| 14 | **The Venus the Great Trust**<br>Date filed: 11/03/2022 | 95 | (S)<br>(A)<br>(B)<br>(P)<br>(U)<br>(T) | $           -<br>-<br>-<br>-<br>$10,000,000.00*<br>**$10,000,000.00*** | After review of its books and records, the claimant's proof of claim and the documents attached thereto, and for those reasons set forth in the Moss Declaration, the Debtor is not liable for the asserted claims under Claim No. 95. |