# **EXHIBIT 1**

**Settlement Agreement**

EXECUTION COPY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Redwood Liquidating Co.[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10621 (BLS) |

## STIPULATION BY AND BETWEEN DEBTOR AND
## FORESITE ENTITIES RESOLVING CLAIMS AND RELATED ISSUES

This stipulation (the "Stipulation")[2] is made and entered into by and between the above-captioned debtor (the "Debtor"), on the one hand, and Foresite Capital Fund IV, L.P. ("Foresite Capital Fund"), Foresite Capital Management LLC, and Dr. James Tananbaum, on the other hand (collectively, "Foresite" and, together with the Debtor, the "Parties");

WHEREAS, on June 17, 2019, the Debtor and Foresite Capital Fund entered into that certain *Series C Preferred Stock Purchase Agreement* (the "Series C Purchase Agreement") pursuant to which, among other things, Foresite Capital Fund agreed to purchase Series C Preferred Equity Interests issued by the Debtor;

WHEREAS, on June 15, 2020, Foresite Capital Fund filed a complaint in Santa Clara County Superior Court asserting claims arising out of or related to the Series C Purchase Agreement (the "California Action"),[3] and on March 18, 2022, Foresite Capital Fund amended its complaint in the California Action;

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Redwood Liquidating Co. (3904). The Debtor's service address in this Chapter 11 case is 10385 Westmoor Dr. #100, Westminster, Colorado 80021.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan (as defined below).

[3] The California Action is captioned as *Foresite Capital Fund IV, L.P. v GenapSys, Inc. and Hesaam Esfandyarpour, Ph.D.*, Case No. 20CV367605.

WHEREAS, on September 10, 2020, the Debtor filed a cross-complaint in the California Action for claims arising out of the California Action and, on February 16, 2021, the Debtor amended the cross-complaint;

WHEREAS, on July 11, 2022, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on July 14, 2022, the Debtor filed a motion [Docket No. 54] (the "Sale Motion") seeking, among other things, approval of its proposed bidding procedures (the "Bid Procedures") and authorization to sell substantially all of its assets;

WHEREAS, on August 17, 2022, the Court entered an order [Docket No. 175] (the "Bid Procedures Order") approving, among other things, the Debtor's Bid Procedures;

WHEREAS, on August 30, 2022, Foresite Capital Fund filed its limited objection to the Sale Motion [Docket No. 211] (the "Foresite Sale Objection") requesting, among other things, that the Debtor retain certain potentially relevant documents relating to the California Action (the "Potentially Relevant Records");

WHEREAS, on September 12, 2022, the Court entered an order [Docket No. 243] (the "Sale Order"), approving, among other things, the sale of substantially all of the Debtor's assets to the Buyer (as defined in the Sale Order);

WHEREAS, the Debtor resolved the Foresite Sale Objection by including certain language in the Sale Order agreed to by the Parties relating to the Debtor's obligations to retain and preserve the Potentially Relevant Records. Sale Order ¶ 46;

WHEREAS, on September 29, 2022, the Court entered an order [Docket No. 288] (the "Bar Date Order") establishing, among other dates and deadlines, November 3, 2022 at 5:00 p.m. (ET) as the General Bar Date;

WHERAS, on November 3, 2022: (i) Foresite Capital Fund filed (a) Claim No. 88, in an amount no less than $56,500,002.58, as a general unsecured claim, and (b) Claim No. 92, in an amount in excess of $50,000,000.00, as a general unsecured claim; (ii) Foresite Capital Management LLC filed Claim No. 97, in an amount in excess of $10,000,000.00, as a general unsecured claim; and (iii) Dr. James Tananbaum filed Claim No. 101, in an amount in excess of $10,000,000.00, as a general unsecured claim ((i)-(iii), collectively, the "Foresite Claims");

WHEREAS, on November 8, 2022, the Debtor filed (i) the *Debtor's Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 335] (as amended, modified and/or supplemented from time to time, the "Combined Disclosure Statement and Plan") and (ii) a motion [Docket No. 336] (the "Conditional Approval Motion") seeking, among other things, conditional approval of the Combined Disclosure Statement and Plan;

WHERAS, on November 22, 2022, Foresite Capital Fund filed its limited objection to the Conditional Approval Motion [Docket No. 211] (the "Foresite Conditional Approval Objection" and, together with the Foresite Sale Objection, the "Foresite Objections") requesting, among other things, clarifying language regarding paragraph 46 of the Sale Order;

WHEREAS, the Debtor resolved the Foresite Conditional Approval Objection by adding and revising certain language in the Combined Disclosure Statement and Plan;

WHEREAS, on November 29, 2022, the Court entered an order [Docket No. 366] (the "Conditional Approval Order"), approving, among other things, the Combined Disclosure Statement and Plan on a conditional basis for solicitation purposes only;

WHEREAS, on November 29, 2022, the Debtor filed the solicitation version of the Combined Disclosure Statement and Plan [Docket No. 367];

WHEREAS, on December 6, 2022, the Debtor filed its first (non-substantive) omnibus claims objection [Docket No. 378] (the "First Omnibus Objection) seeking, among other things, to disallow and expunge one of the Foresite Claims (Claim No. 88), and its second (substantive) omnibus claims objection [Docket No. 379] (the "Second Omnibus Objection" and, together with the First Omnibus Objection, the Sale Motion, the Bid Procedures Order, the Foresite Objections, the Sale Order, and the Foresite Claims, collectively the "Bankruptcy Disputes", and the Bankruptcy Disputes together with the California Action, together the "Disputes"), seeking, among other things, to reclassify and subordinate the remaining Foresite Claims (Claim Nos. 92, 97 & 101);

WHEREAS, after the filing of the First and Second Omnibus Objections, the Parties have engaged in discussions regarding the Disputes and wish to resolve the Disputes fully, finally and consensually on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals, the covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

1. The above recitals are true and correct and are incorporated herein by reference.

2. Upon execution of the Stipulation, the Parties shall: (i) use reasonable best efforts to obtain Court approval of the Stipulation (the "Approval Order"); and (ii) Foresite shall have the opportunity to review and approve the papers filed by the Debtor seeking approval of the Stipulation from the Court.

3. Pursuant to the Combined Disclosure Statement and Plan and the Confirmation Order, from and after the Effective Date, the Plan Administrator: (i) shall have the obligations of the Debtor set forth in the Sale Order with respect to the Potentially Relevant Records;[4] and (ii) shall control any attorney-client privilege belonging to the Debtor or the Debtor's estate with respect to the Potentially Relevant Records.

4. To avoid disclosure of privileged information, the Debtor or the Plan Administrator, as applicable, agrees to screen the Potentially Relevant Records and identify potentially privileged documents by applying an agreed list of potentially privileged search terms (the "Potentially Privileged Documents") and identify the Potentially Privileged Documents by "tagging" or similar means. Foresite shall have the right to review and approve the list of potentially privileged search terms, which is anticipated to consist of the names of attorneys who sent, received, or were copied on emails.

5. The Approval Order shall provide that: (i) the Debtor or Plan Administrator, as applicable, shall, upon the written request of Foresite, transmit a set of archived copies of the Potentially Relevant Records, other than the Potentially Privileged Documents, to Foresite; (ii) delivery of the Potentially Relevant Records will be made pursuant to Federal Rule of Evidence 502(d), without additional privilege review; (iii) Foresite shall be permitted to use the Potentially Relevant Records to pursue legal relief of any type, in any forum or jurisdiction, except insofar as its claims are subject to the releases below; and (iv) the Potentially Relevant Records, including the Potentially Privileged Documents, will be preserved and not destroyed or otherwise disposed of except by order of the Court on a motion duly noticed to Foresite and its counsel.

---

[4] For the avoidance of doubt, for the purpose of this Stipulation, the Potentially Relevant Records shall mean the approximately 117,000 documents generated by a search performed by the Debtor pursuant to the *Stipulation and Order Governing Production of Electronically Stored Information* entered in the California Action.

5

RLF1 28352360v.1

6.     Foresite agrees that it shall not seek to depose more than five (5) directors or officers of the Debtor (exclusive of Hesaam Esfandyarpour, Kosar Parizi and Hamid Rategh), which are not anticipated to exceed seven hours of testimony per deponent, in connection with the ongoing California Action or related proceedings.

7.     Effective upon entry of the Approval Order: (i) Foresite shall not object to and shall support confirmation of the Combined Disclosure Statement and Plan; (ii) Foresite shall not seek estimation of its claims to vote to accept or reject the Combined Disclosure Statement and Plan; and (iii) upon the request or presentation of an invoice by the Debtor or Plan Administrator, as applicable, Foresite shall reimburse the Debtor or Plan Administrator, as applicable, for the reasonable out of pocket costs and expenses of the Debtor or Plan Administrator, as applicable, including attorneys' fees, incurred in connection with negotiating this Stipulation or seeking and obtaining the Approval Order, and the reasonable out of pocket costs and expenses of the Debtor, or Plan Administrator, as applicable, including, but not limited to, attorneys' fees, hosting costs, and e-discovery vendor costs, incurred in the disposition of the Potentially Relevant Records.

8.     Notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan, on the Effective Date: (i) all claims filed by Foresite, its related entities and individuals (including Dr. Tananbaum), including but not limited to the Foresite Claims, shall be deemed disallowed in their entirety; (ii) the Debtor, the Estate, and the Debtor's successors and assigns shall release Foresite and all related entities and individuals in the full scope of the release provided by the Debtor to the Released Parties under Section XIV.B of the Combined Disclosure Statement and Plan, but with no exclusion of claims resulting from acts or omissions constituting actual fraud, willful misconduct, or gross negligence. For the avoidance of doubt, the release will

include any and all claims that were or could have been asserted in the California Action and any claims arising out of or related to the Bankruptcy Disputes.

9. Notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan, Foresite, its related entities and individuals (a) shall be deemed to be a Releasing Party, and shall not be an Excluded Party, and (b) will release the Released Parties as provided under Section XIV.C of the Plan, but with no exclusion of claims resulting from any act or omission constituting actual fraud, willful misconduct, or gross negligence. For the avoidance of doubt, the release (i) will include claims that were or could have been asserted against the Released Parties in the California Action and any claims arising out of or related to the Bankruptcy Disputes, (ii) will include any Claims or Causes of Action against the Debtor's current and former officers and directors other than Hesaam Esfandyarpour, Kosar Parizi and Hamid Rategh, and (iii) will not release any Claims or Causes of Action against any of Hesaam Esfandyarpour, Kosar Parizi, Hamid Rategh and any trust, trustee, family member, or close affiliation of each such person. Foresite, its related entities and individuals likewise agree not to assist in any adverse action commenced against the Released Parties.

10. Each of the Parties understands and agrees that this Stipulation reflects a compromise of disputed claims and does not constitute, nor shall it be construed as, in any way, an admission of liability, fault, violation, responsibility, or wrongdoing by any of the Parties.

11. This Stipulation is governed by the laws of the State of Delaware, exclusive of its choice-of-law provisions. Each Party irrevocably consents to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Stipulation. Each Party waives any right to commence any such action in any other forum.

12. The undersigned persons represent and warrant that they have full authority to execute this Stipulation.

13. Foresite acknowledges and agrees that Kroll, the Court-approved claims agent in the Debtor's chapter 11 case, shall be authorized to modify the claims register to reflect the agreements herein.

14. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the matters addressed herein.

15. This Stipulation has been drafted through a cooperative effort of the Parties, and no Party shall be considered the drafter of this Stipulation so as to give rise to any presumption or convention regarding construction of this Stipulation.

16. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

*[Remainder of page intentionally left blank; signature page follows]*

December 15, 2022

| **Redwood Liquidating Co.** | **Foresite Capital Fund IV, L.P.** |
|---|---|
| By: ___/s/ David T. Queroli___<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Daniel J. DeFranceschi (No. 2732)<br>Michael J. Merchant (No. 3854)<br>David T. Queroli (No. 6318)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>defranceschi@rlf.com<br>merchant@rlf.com<br>queroli@rlf.com<br><br>*Counsel to the Debtor*<br>*and Debtor-in-Possession* | By: ___/s/ Bennett Murphy___<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN LLP**<br>Bennett Murphy<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>Email: bennettmurphy@quinnemanuel.com<br><br>*Counsel to Foresite Capital Fund IV, L.P.* |
| **Foresite Capital Management Fund LLC** | **Dr. James Tananbaum** |
| By: ___/s/ Bennett Murphy___<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN LLP**<br>Bennett Murphy<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>Email: bennettmurphy@quinnemanuel.com<br><br>*Counsel to Foresite Capital*<br>*Management Fund LLC* | By: ___/s/ Bennett Murphy___<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN LLP**<br>Bennett Murphy<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>Email: bennettmurphy@quinnemanuel.com<br><br>*Counsel to Dr. James Tananbaum* |

*[Signature page to Foresite Stipulation: Bankr. D. Del. 22-10621 (BLS)]*